### GRAHAM *v.* SMITH.

1. BILLS AND NOTES — INDORSEMENT — RIGHTS OF INDORSEES — HOLDER IN DUE COURSE.

    Where there was no fraud in the inception of a note, and plaintiff had no knowledge, actual or constructive, of any fraud in connection with its indorsement and transfer, and received it in good faith, he was a "holder in due course" if he was a holder for value.

2. SAME — BONA FIDE PURCHASER—COLLATERAL SECURITY — PRE-EXISTING DEBT.

    By sections 27 and 29 of the negotiable instruments law of 1905 (Act No. 265) the legislature changed the rule theretofore prevailing in this State so that now any person to whom a negotiable instrument has been pledged as collateral security for a pre-existing debt is a holder for value to the extent of the amount due him.

    155 MICH.—5.

Error to Bay; Collins, J.   Submitted October 14, 1908.
(Docket No. 75.)   Decided December 14, 1908.

Assumpsit by Andrew J. Graham against Henry B.
Smith upon a promissory note.   There was judgment for
plaintiff on a verdict directed by the court, and defendant
brings error.   Affirmed.

*M. L. Courtright*, for appellant.

*Stoddard & McMillan*, for appellee.

BLAIR, J.   Plaintiff brought suit against defendant
Smith, as maker, and Charles H. Hill, as indorser, of the
following promissory note:

"$2,500.00.        BAY CITY, MICH., Jan. 11, 1906.
"Six months after date I promise to pay to Charles
H. Hill, or order, twenty-five hundred dollars, at First
National Bank, of Bay City, Mich., value received, with
interest at the rate of six per cent. per annum.
                        "HENRY B. SMITH.
"No. ——.   Due 7-11-6."

Said note is indorsed upon the back thereof as follows:
"Charles H. Hill.   Fred A. Bangs."

In consequence of fraudulent representations by one of
its officers as to the mining property and the purpose for
which the note was obtained and would be used, Hill was
induced to and did indorse the note in blank and deliver
it to such officer for the La Fronteriza Copper Mining
Company in part payment for shares of its stock.   Prior
to the transfer of the note, Fred A. Bangs, president,
James A. McCoy, vice president and general manager,
and William S. Barbee, treasurer, borrowed of plaintiff,
on account of the mining company, on their joint and
several note, $5,000, which was credited to the company
on plaintiff's books and checked out by the company.
The note in suit was indorsed in blank and delivered by
Mr. Bangs to plaintiff, as plaintiff claims, in payment of
an equivalent amount of the company's indebtedness, but

as defendant contends, as collateral security therefor. Mr. Bangs, who was called by defendant, testified:

"*Q.* Was any statement made to Graham & Sons which in any manner might cause them, or tend to cause them, to suspect the entire good faith of the transaction?

"*A.* No, sir; because I knew nothing about it except that it was in good faith.

"*Q.* The Smith-Hill note was received by you and turned over to Graham & Sons to the account of the mining company in the regular course of business of the company?

"*A.* Yes, sir.

"*Mr. Courtright:* I do not claim that Mr. Bangs was a party to any fraud or wrongdoing whatever.

"*Witness:* The original note was signed by Barbee, McCoy, and myself. Mr. Barbee's name was left off the present note because in the meantime he resigned as treasurer and left the company, and, being for company indebtedness, it was signed by officers of the company."

Plaintiff discontinued his suit as against Hill and proceeded to judgment against Smith upon a directed verdict. As stated by counsel for defendant in their brief:

"The only question in the case therefore is whether, under the evidence and the provisions of the negotiable instrument law, Act No. 265 of the Public Acts of 1905, plaintiff is a holder in good faith and for value. The defendant claims that he is not such a holder, and that the court should have at least left the question to the jury, for the reason that it was for the jury to determine this question under the evidence, as plaintiff parted with nothing, did not extend any credit, and in no way altered his condition by taking the note, and there was no agreement that it was taken in extinguishment of any part of the indebtedness represented by the Bangs-McCoy note; so that in fact no part of the Bangs-McCoy indebtedness was legally discharged."

There was no fraud in the inception of the note. It was given for an actual indebtedness and was unimpeachable between the maker and payee. The fraud alleged arose on the sale of the shares of mining stock. The evidence conclusively establishes the fact that plaintiff had no

knowledge, actual or constructive, of any fraud in connection with the note, and that he received it in good faith. If therefore plaintiff was a holder for value, he was "a holder in due course," as held by the trial judge, and entitled to recover. If, as contended by defendant's counsel, the plaintiff received the note as collateral security for an existing debt, and the negotiable instrument law, Act No. 265, Pub. Acts 1905, has introduced no change in the law as to such instruments, plaintiff was not a holder for value. *Burroughs* v. *Ploof*, 73 Mich. 607; *Maynard* v. *Davis*, 127 Mich. 571. Section 27 of the act is as follows:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

Section 29 provides:

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

We are of the opinion that it was the intention of the legislature to change the rule theretofore prevailing in this State—

"So that any person to whom a negotiable security has been pledged as collateral would be a holder for value to the extent of the amount due him." *Payne* v. *Zell*, 98 Va. 294.

See, also, *Mersick* v. *Alderman*, 77 Conn. 634; *Brooks* v. *Sullivan*, 129 N. C. 190. See, also, *Petrie* v. *Miller*, 57 App. Div. (N. Y.) 17, affirmed without opinion, 173 N. Y. 596.

The judgment is affirmed.

GRANT, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.