COLUMBIA MOTOR TRUCK & TRAILER CO. *v.* BAMLET.

1. BILLS AND NOTES — NOT NECESSARY TO SHOW CONSIDERATION AS TO ACCOMMODATION INDORSERS.

In an action against accommodation indorsers on a note, it is not necessary to show any consideration as to them.

2. SAME—BONA FIDE HOLDER—EVIDENCE—QUESTION FOR JURY.

In said action, where the question as to whether plaintiff had notice that the maker of the note, a corporation, was acting as a mere accommodation indorser for another corporation, which it had no power to do, was in dispute, the trial court was in error in not submitting said question to the jury.

3. SAME—BANKRUPTCY — DEFENDANT ENTITLED TO STAY DURING PENDENCY.

Defendant was entitled to a stay during the pendency of his proceedings in bankruptcy.

Error to Wayne; Houghton (Samuel G.), J., presiding.    Submitted April 29, 1924.    (Docket No. 55.) Decided July 24, 1924.

Assumpsit by the Columbia Motor Truck & Trailer Company against George F. Bamlet and another on a promissory note.    Judgment for plaintiff.    Defendants bring error.    Reversed.

*Prentis, Mulford, Pugh & Fitch,* for appellants.

*Beaumont, Smith & Harris* and *Percy J. Donovan,* for appellee.

McDONALD, J.    This is an action in assumpsit against the defendants as indorsers on a promissory note for $800.    The plaintiff is a Michigan corporation engaged in the business of manufacturing motor

trucks in the city of Pontiac. The defendants were the principal officers and stockholders of the Columbia Motor Truck Sales Company of Detroit, Michigan. This company had a contract with the plaintiff for the sale of its motor trucks. A note for $2,000 indorsed by the defendants and drawn by the Columbia Motor Truck Sales Company was given to the plaintiff in part payment of certain trucks. Renewal notes were given and partial payments were made until the indebtedness was reduced to $1,000, at which time it is claimed the Columbia Motor Truck Sales Company suspended business. The renewal note for $1,000 was signed by the International Motor Truck Company as maker and indorsed by the defendants. When this note became due $200 was paid on it and the note in suit was given. This note was also signed by the International Motor Truck Company and indorsed in blank by the defendants. On the 21st of May, 1918, it was duly protested for nonpayment of which defendants had notice. The plaintiff claims to have been told by the defendants that the International Motor Truck Company was the Columbia Motor Truck Sales Company under a different name, and would not have accepted the note if it had not been so informed. The defendants filed an affidavit denying the execution of the note by the International Motor Truck Company, gave notice that it was without consideration, that the consideration had failed, and filed a counterclaim as assignee of the Columbia Motor Truck Sales Company in an amount in excess of the note. While the suit was pending the defendant Bamlet filed a petition in bankruptcy and at the close of the plaintiff's proofs urged that fact as a ground for a stay of proceedings or the dismissal of the suit as to him. A motion for a directed verdict on other grounds was made in behalf of both defendants. These motions were denied and the case was submitted to the jury. The plaintiff recovered a verdict for the

full amount of its claim; the court denied a motion for a new trial and entered judgment on the verdict. The defendants bring error.

It is first urged by the defendants that there should have been a directed verdict because the plaintiff did not prove its case, it having failed to show any consideration for the note sued upon; that the International Motor Truck Company received no consideration for executing the note and that the defendants received none for indorsing it; that both the defendants and the International Motor Truck Company were accommodation parties and are therefore only liable on the instrument to a holder for value, and that as the plaintiff was not a holder for value they are not here liable.

The International Motor Truck Company as maker of this note and the defendants as indorsers were accommodation parties for the Columbia Motor Truck Sales Company.   It was not necessary to show any consideration as to them.

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person.   Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."   Negotiable instruments law (Act No. 265, Pub. Acts 1905, § 31 [2 Comp. Laws 1915, § 6070]).

See, also, Bunker on Negotiable Instruments, p. 79.

On this branch of the case the question of fact involved was whether the plaintiff was a holder in due course or for value.   If not a holder for value it cannot recover.

As a separate and distinct corporation the International Motor Truck Company had no power to incur any liability on a note given as a mere accommodation for the other corporation.   It was the claim of the

defendants that the plaintiff knew of this infirmity in the note, and that therefore it was not a *bona fide* holder for value.   The plaintiff claims that it accepted the note of the International Motor Truck Company in payment of the note of the Columbia Motor Truck Sales Company with the understanding that it was the same company; that it was so informed by both of the defendants, one of whom, Mr. Bamlet, was president of the International Motor Truck Company. The defendants deny this and claim that the plaintiff knew that the companies were entirely distinct. Assuming that the plaintiff accepted the note with the understanding that the companies were identical except as to name, all of the elements which constitute a *bona fide* holder for value were present.   These disputed claims presented a question for the jury and the court was not in error in refusing defendants' motion for a directed verdict.   He did not, however, submit this question to the jury.   On the contrary, he instructed them that the defendants were liable on the note.   For this error the judgment must be reversed.

The defendant Bamlet was entitled to a stay during the pendency of his proceedings in bankruptcy, but as he has since been discharged, that question will not arise on a new trial.   No other assignments of error require discussion.

The judgment is reversed, with costs to the defendants.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.