ANN ARBOR CONSTRUCTION COMPANY v. GLIME.

1. BILLS AND NOTES—CONSIDERATION—PRE-EXISTING DEBT.
  A note given in payment of, or as collateral security for, a pre-existing debt is supported by a valuable consideration (CL 1948, § 439.27).

2. SAME—CONSIDERATION—ACCOMMODATION PARTY.
  An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person and is liable on the instrument to a holder for value notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party, hence, it is unnecessary to show any consideration moving to accommodation indorsers when action is brought on the instrument against them (CL 1948, § 439.31).

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 7 Am Jur, Bills and Notes § 240.
[2] 7, 8 Am Jur, Bills and Notes §§ 251, 454 et seq.
[3, 5, 6, 7] 7 Am Jur, Bills and Notes § 251.
[8] 8 Am Jur, Bills and Notes § 793.
[9] 26 Am Jur, Husband and Wife § 217.

3. SAME—CONSIDERATION—ACCOMMODATION PARTY.

The contract of indorsement by an accommodation party is supported by the consideration moving to the payee or the maker from the person who is accommodated (CL 1948, § 439.31).

4. SAME — CONSIDERATION — PRE-EXISTING DEBT — ACCOMMODATION PARTY.

A pre-existing debt is sufficient consideration moving to the accommodated party to support the signature of an accommodating party whether the note replaces the original debt or is given as collateral security.

5. SAME—CONSIDERATION—ACCOMMODATION PARTY.

Rule that a new and independent consideration from that of the original contract must be present to support the undertaking of one not a party to the original transaction, who, in pursuance of some subsequent arrangement, signs as surety, guarantor, or indorser after the original contract has been fully executed and delivered has no application where both the accommodated and accommodating parties sign before delivery and the accommodated party receives value.

6. SAME—CONSIDERATION—EXTENSION OF TIME—ACCOMMODATION PARTY.

Extension of time of payment of the debt, together with the antecedent debt constituted consideration moving to the accommodated maker sufficient to support first renewals of notes given in payment of the antecedent debt so as to support the accommodation indorsements.

7. SAME—CONSIDERATION—REDUCTION IN MONTHLY PAYMENTS—ACCOMMODATION PARTY.

Reduction in amount of monthly payment as required in first renewal note, even without a further extension of time, was a sufficient change in the terms of the note favorable to the accommodated maker to constitute valuable consideration and supported accommodation indorsements by additional individuals on second renewal notes.

8. SAME—RENEWAL—SURRENDER OR DESTRUCTION OF PREVIOUS NOTE.

The mere fact that the payee in a renewal note still has possession of the note for which the renewal note sued on was given, does not preclude recovery by the payee on the renewal note sued on as the payee can recover only on the note on which he sues, especially in the absence of an express agreement that a part of the consideration for the renewal note was that the previous note would be surrendered or destroyed.

9. JUDGMENT—MARRIED WOMEN—ACCOMMODATION INDORSERS.
Judgment against married women who had joined with their husbands as accommodation indorsers on renewal note given by corporation, now bankrupt, is limited to liability permitted under statute (CL 1948, § 557.53).

Appeal from Macomb; Noe (Alton H.), J. Submitted January 8, 1963. (Calendar No. 10, Docket No. 49,626.) Decided April 5, 1963. ·

Action on promissory note by Ann Arbor Construction Company, a Michigan corporation, against Glime Construction Company, a Michigan corporation, as maker, and Eugene Glime, Helen Glime and others, as indorsers. Judgment for plaintiff against corporate defendant only, and of no cause of action as to individual defendants. Plaintiff appeals. Reversed and remanded for entry of judgment against individual defendants.

*Frederick B. Darden (Louis P. Labbe,* of counsel), for plaintiff.

*Hand, Kiefer, Allen & Ryan (John B. Kiefer,* of counsel), for defendants.

KAVANAGH, J. Plaintiff supplied defendant Glime Construction Company during the year 1958 with concrete and supplies on an open account. Numerous payments were made on this account until March, 1959, when the plaintiff requested defendant corporation to execute its promissory note in favor of plaintiff in the amount of $39,381.33. Such a note was executed and indorsed by defendants Eugene Glime and Leroy S. Glime. Between the date of the execution of the note and August 31, 1959, payments were made on the note.

On August 31, 1959, a new note in the amount of $31,375.21 was executed and indorsed by the same indorsers. On December 31, 1959, the corporate defendant executed another note in the amount of $28,000, which was the amount of the indebtedness owing plaintiff at that time. Plaintiff requested other indorsers in addition to Eugene Glime and Leroy S. Glime. Charles Glime and the 3 wives then indorsed the note as accommodation indorsers. There is no claim that any of these indorsers received any of the material, nor did the plaintiff offer to extend further credit in return for further indorsements on the note. The minimum monthly payment was reduced from $3,000 to $1,000.

After default in payment, suit was instituted on the note against the corporate defendant and the individual defendants as indorsers thereon.

The corporate defendant went into bankruptcy. The question before the trial court was, whether the accommodation indorsers should be held liable on the note, the individual defendants claiming there had been no showing that any consideration had passed to them in securing their indorsements. The individual defendants concede that if they had acted as accommodation indorsers at the time the debt was incurred, or the credit originally extended to the maker, they would be liable. It is their contention they indorsed the note for the maker's antecedent debt and that this does not constitute a consideration sufficient to bind them.

The trial judge filed a written opinion holding that it is not necessary that consideration move to the accommodation indorser on negotiable paper; but that it is necessary, in order to bind them, that some consideration move to the party accommodated; and that since this note was indorsed by the accommodation indorsers for a pre-existing debt, there was no proper and adequate consideration

known to the law to support the note and the signatures of the individual defendants as accommodation indorsers. He rendered a judgment against the corporate defendant only and entered a judgment of no cause for action against the individual defendants.

In order to decide this controversy, we determine the issues of this appeal to be as follows:

1. Whether a negotiable instrument given either in payment of, or as collateral security for, a pre-existing debt is supported by a valuable consideration.

2. Whether any consideration must move to an accommodating party on a negotiable instrument who becomes such before acceptance and delivery of the instrument.

3. Whether an antecedent debt is sufficient value moving to an accommodated party to support the signature of an accommodating party before delivery and acceptance.

4. Whether accommodation indorsers who sign before delivery on the third of a series of notes, and who have not been parties to the prior notes, must receive some new consideration to support their signatures.

5. Whether the failure to surrender prior notes precludes a holder from recovering on the last of a series of notes.

6. Whether married women are liable as accommodation indorsers where their indorsements are not made for the sole benefit of their separate estates.

The trial court did not pass upon all of these questions. The court appears to have based its findings on the single determination that an antecedent or pre-existing debt is not a sufficient consideration to support a negotiable instrument. This conclusion is clearly erroneous. In the early case of *Bostwick* v. *Dodge,* 1 Doug (Mich) 413 (41 Am Dec

584), this Court ruled that a note given in payment of a pre-existing debt is supported by a valuable consideration. In *Graham* v. *Smith,* 155 Mich 65, we held that any person to whom a negotiable instrument has been pledged as collateral security for a pre-existing debt is a holder for value to the extent of the amount due him.

The *Graham* decision was merely declaratory of the prevailing rule under the negotiable instruments law which Michigan adopted in 1905. This act provides:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time." PA 1905, No 265, § 27 (CL 1948, § 439.27 [Stat Ann 1959 Rev § 19.67]).

See, also, annotation 80 ALR 670.

We have referred to both categories of instruments given for an antecedent debt, namely, those given in payment and those given as collateral security, because the trial court did not determine in which category the notes in this case belonged. Nor do we feel compelled to do so since our ultimate determination will apply in either event.

The question of consideration necessary to support accommodation paper has not been subject to dispute since the adoption of the negotiable instruments law.

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, *without receiving value therefor,* and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." PA 1905, No 265, § 31 (CL 1948, § 439.31 [Stat Ann 1959 Rev § 19.71]). (Emphasis supplied.)

In an action against accommodation indorsers on a note, it is not necessary to show any consideration moving to them. *Columbia Motor Truck & Trailer Co. v. Bamlet,* 227 Mich 651.

The prevailing view as to what is necessary to support the signature of an accommodation party is best expressed in an annotation in 95 ALR 964, 972:

"No consideration moving to one who becomes a party merely for accommodation is necessary to support his contract. To fasten liability upon an accommodation indorser, it is not necessary that any consideration should move directly to him. *The contract of such indorsement is supported by the consideration moving to the payee from the person to whom he negotiates the instrument.*" (Emphasis supplied.)

The quote refers to the classic situation in which the payee is the accommodated party. The rule is equally applicable where, as in the instant case, the maker is the party accommodated by the indorsements.

The liability of accommodation indorsers, who sign before acceptance and delivery of a negotiable instrument given either in payment of or as collateral security for a pre-existing debt, is a question that has not previously been squarely decided by this Court. However, the prevailing view in the jurisdictions that have adopted the negotiable instruments law is that the pre-existing debt is sufficient consideration moving to the accommodated party to support the signature of an accommodating party whether the note replaces the original debt or is given as collateral security. (Annotation, 80 ALR 670, 682, and cases cited therein.)

If we were to accept appellees' contention and the implications of the trial court, our rule would be stated as follows: "An antecedent or pre-existing debt constitutes value to support a negotiable instru-

ment, except where that instrument is accommodation paper." Such a rule would create an anomaly inconsistent with a rational interpretation of our negotiable instruments law. We, therefore, adopt the majority rule as our own since we believe it is supported by reason and logic.

Our next area of concern is the liability of accommodation indorsers on a *renewal* instrument given in payment of a prior instrument, or as additional security for a pre-existing debt, where (1) such indorsers execute the renewal instrument before acceptance and delivery; and (2) such indorsers have not been parties to the prior instrument or instruments.

"The general rule sustained by the great weight of authority is that the undertaking of one not a party to the original transaction, who, in pursuance of some subsequent arrangement, signs as surety, guarantor, or indorser after the original contract has been fully executed and delivered, is a new and independent contract, and to be binding must be supported by a new and independent consideration from that of the original contract." Annotation, 95 ALR 964, 972.

This rule is properly applied where indorsements are made on an instrument subsequent to its execution and delivery. The rule has no application where both the accommodated and accommodating parties sign before delivery and the accommodated party receives value.

The cases relied upon by the trial court and by the defendants-appellees are cases where the accommodating indorsers became such subsequent to the execution and delivery of the notes.

On each of the 3 notes involved in this case the accommodated and accommodating parties signed before delivery. The above quoted rule, therefore, has no bearing on the factual situation in this appeal.

The question remains whether on each note, the accommodated party received value in order to support the signatures of the accommodating indorsers.

As to the first note, we have previously indicated that an antecedent debt is sufficient value to support the note.

The second note extended the time of payment of the debt and this, together with the antecedent debt, constituted consideration moving to the accommodated maker.

The third note reduced the amount of the required minimum monthly installment from $3,000 to $1,000. Even though the due date was not extended, or the rate of interest reduced, the accommodated maker received value since this reduction lessened the possibility of acceleration for failure to meet the minimum monthly payment, acceleration being a right reserved expressly in the note.   Even if there had not been an acceleration clause, this was a sufficient change in the terms of the note favorable to the accommodated maker to constitute value.

We do not deem it necessary to decide whether the antecedent debt constituted value for this last note. Were it not for the reduction in monthly payments, the second and third notes would have been identical.   In that case the only element that could possibly constitute value was the antecedent debt.   Nowhere have we found authority that a pre-existing debt is of itself value for a *renewal* note in the absence of an extension of time, reduction in rate of interest, discharge of a prior note, discharge of the primary obligation, or some similar instance of change in the terms of the note or alteration of the nature of the debt itself.   In the instant case the reduction in the minimum monthly installment constitutes sufficient value to support the note.

Disregarding for the moment the liability of the married women indorsers on this third note, we

conclude that there was value moving to the accommodated maker to support the signatures of the accommodation indorsers on this note.

There is no evidence that surrender of the old notes was to be part of the consideration for the new notes. And plaintiff's failure to surrender them does not preclude its bringing suit on the third note where it brought the notes into court at the trial. The rationale for this rule was stated in *Phenix National Bank of Providence* v. *Raia*, 68 RI 348, 355, 356 (28 A2d, 20, 23):

"[Defendant] also maintains, however, that the second note is unenforceable against her because the plaintiff retained possession of the first note until the trial of the instant case. It is, of course, well settled that if, at the time the second note was given, there was an express, definite agreement that the first note would be surrendered or destroyed by the plaintiff, then such agreement became part of the consideration for the transaction, and a failure to give up or destroy the first note would invalidate the second note. In the present case there is, however, no evidence of any such express agreement. Mere retention by the plaintiff of the first note ordinarily will not preclude recovery on the second note. In *Cardoza* v. *Pereira*, 53 RI 460 (167 A 532) this court at page 462, said: 'The fact that the original note is in the possession of the plaintiff does not preclude recovery on the note in suit as plaintiff can recover only on the note on which he sues.'

"In *Abrams* v. *American Security & Trust Co.*, 72 App DC 79 (111 F2d 520, 129 ALR 368), an action on renewal notes, the defense of no consideration was set up because the plaintiff had retained the old notes. It appeared, however, that they were brought into court at the trial. In refusing to sustain such defense, the court held that there was no possibility of another suit with a double recovery, and in 111 F2d at page 521 of its opinion uses this language:

'But the rule does not apply where the old note is tendered to defendant in advance of trial or is brought into court and surrendered. Undoubtedly, this exception rests on the idea that the real consideration for the renewal note is the pre-existing debt and that the surrender of the old paper is a condition which can be complied with after the suit is commenced without prejudice to any rights of the defendant.' "

The trial court did not pass upon the question of whether the married women could be held to be accommodation indorsers. The defendants did nothing but state the women defendants were married at the time they signed the note. The only inference that can be drawn from the record is that they joined with their husbands as accommodation indorsers and under the statute (CL 1948, § 557.53 [Stat Ann 1957 Rev § 26.183]), any judgment rendered would be limited to the liability permitted under the statute. See *Warren Webster & Co.* v. *Pelavin,* 241 Mich 19.

The judgment of the lower court is reversed and the matter remanded for entry of a judgment in favor of plaintiff in accordance with this decision. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.