STRONG v DETROIT & MACKINAC RAILWAY COMPANY

Docket No. 92624. Submitted October 15, 1987, at Lansing. Decided April 4, 1988.

Robert C. and Helen A. Strong purchased in 1974 a forty-four-acre tract of undeveloped land located in Section 3, Forest Township, Cheboygan County. Before the purchase, they obtained an abstract of title from Burton Abstract and Title Company. While the abstract noted the existence of a right of way of the Detroit & Mackinac Railway Company running across the four-acre parcel of the tract located in the northwest quartersection of Section 3, the abstract failed to indicate the existence of the railroad's right of way for an abandoned turning wye located in the forty-acre parcel of the tract located in the southwest quartersection of Section 3. Plaintiffs were unaware of the right of way in the forty-acre parcel at the time of the purchase; however, they were later informed of its existence. When unable to purchase that right of way from the railroad at a price they felt was reasonable, plaintiffs commenced in Cheboygan Circuit Court an action to quiet title against the railroad and an action for damages against Burton Abstract and Title Company and Delmar E. Porter, the surveyor who surveyed the land. Following a bench trial, the trial court, Robert C. Livo, J., determined that the railroad had not lost its interest in the disputed right of way and that Burton Abstract had been negligent in failing to note the existence of the right of way on the abstract. The court ordered Burton Abstract to cure the defect in plaintiffs' title by purchasing the disputed right of way from the railroad and then conveying the same to plaintiffs or, if that could not be done, to pay plaintiffs damages in the amount of the difference between the value of the land with the disputed encumbrance and its value without

REFERENCES

Am Jur 2d, Abandoned, Lost, and Unclaimed Property §§ 1, 15-17,
Am Jur 2d, Adverse Possession §§ 184, 308.
Am Jur 2d, Railroads §§ 50-73, 82-86.
What constitutes abandonment of a railroad right of way. 95 ALR2d 468.
Loss of private easement by nonuser or adverse possession. 25 ALR2d 1265.

that encumberance. Burton Abstract appealed. Plaintiffs cross-appealed that portion of the judgment which denied them relief against the railroad.

The Court of Appeals *held:*

1. The 1948 notice filed by the railroad pursuant to the marketable record title act, setting forth that the railroad had a right of way of fifty feet on either side of the center line of the abandoned wye tracks located in the quarter of the quarter-section of Section 3 in which plaintiffs' forty-acre parcel was located, served as adequate notice of the railroad's interest in the property and should have alerted the abstract company's title examiner of the possible cloud on the title of the forty-acre parcel of plaintiffs' purchase.

2. The trial court set forth its findings of facts with sufficient specificity.

3. The trial court did not err in finding that plaintiffs failed to prove their claim of acquiring clear title by adverse possession of the disputed right of way or by reason that the railroad abandoned its interest in the right of way. The fact that the 1948 notice speaks of "abandoned" trackage refers only to the fact that the right of way was no longer used for its operations but cannot be said to indicate that the railroad intended to abandon its interest in the right of way, particularly in view of the fact that the language is used in a notice which was filed for the purpose of preserving that interest.

4. The judgment entered by the trial court, which directed Burton Abstract to purchase the right of way on behalf of plaintiffs but did not either require the railroad to sell the property or establish a fair market price, was proper since it provided that, in the event that Burton Abstract was unable to purchase the right of way, Burton Abstract was to pay money damages.

5. Since the parties agree that the judgment improperly included the right of way across the four-acre parcel which was not at issue, the trial court is ordered to correct its judgment by amending the description of the land so as to exclude reference to the four-acre parcel.

Affirmed and remanded.

1. RECORDS — INTERESTS IN LAND — MARKETABLE RECORD TITLE ACT — RAILROADS.

A notice of interest recorded by a railroad pursuant to the marketable record title act which describes the property in which the railroad claims an interest in terms of the right of way of a certain width lying on either side of the centerline of

designated abandoned wye tracks located in a designated quarter of a quartersection of a designated township of the county identifies the land in which the interest is claimed with sufficient particularity to constitute proper notice under the marketable record title act (MCL 565.105; MSA 26.1275).

2. ADVERSE POSSESSION — JUDICIAL CONSTRUCTION — BURDEN OF PROOF.

The doctrine of adverse possession is strictly construed; the party alleging title by adverse possession must prove by clear and positive proof that his possession was actual, visible, open, notorious, exclusive, continuous, uninterrupted for the statutory period, and under color or claim of right.

3. PROPERTY — ABANDONED PROPERTY.

The essential elements of abandonment of property are an intention to relinquish the property and acts putting that intention into effect.

4. RAILROADS — REMOVAL OF TRACK — ABANDONED PROPERTY.

The removal of track by a railroad does not by itself evidence an intent by the railroad to abandon its property rights to the right of way upon which the track was laid, nor does reference to such areas where tracks have been removed as being an "abandoned branch" or "abandoned track" evidence an intent to abandon the property rights in the right of way, particularly where such references are contained in the notice required by the marketable record title act to retain one's interest in the designated property.

5. JUDGMENTS — REMEDIES — PROPERTY — TITLE COMPANIES.

A trial court in an action against a title company based upon the failure of the title company to inform a purchaser of the existence of a railroad right of way crossing the purchased land may properly enter a judgment requiring the title company to purchase or otherwise negotiate the conveyance of the right of way from the railroad to the purchaser without at the same time requiring the railroad to sell the right of way where the judgment provides that, in the absence of such conveyance of the right of way to the purchaser, the title company shall pay monetary damages based upon the difference in value of the land with and without the encumberance of the right of way.

*Rhynard & Meden* (by *Russell L. Rhynard*), for plaintiffs.

*Lindsay & Lindsay* (by *Francis E. Lindsay*), for Detroit & Mackinac Railway Company.

*Peter Patrick,* for Burton Abstract and Title Company.

Before: BEASLEY, P.J., and MACKENZIE and R. P. HATHAWAY,* JJ.

MACKENZIE, J. In 1974, plaintiffs purchased forty-four acres of undeveloped land in Section 3, Forest Township, Cheboygan County. Before purchasing the property, plaintiffs obtained an abstract and had it updated and certified by defendant Burton Abstract and Title Company. They then obtained two title opinions. When it appeared that all clouds on title had been removed, plaintiffs received a warranty deed which contained two descriptions, one of a forty-acre parcel, essentially consisting of the NW ¼ of the SW ¼ of Section 3, and one of an adjoining four-acre parcel, located in the NW ¼ of Section 3. The description of the four-acre parcel excepted "the Right of Way of the Detroit and Mackinaw Railroad."

Delmar Porter surveyed plaintiffs' forty-four acres in 1975. Later, while performing an unrelated survey, Porter discovered the existence of a Detroit & Mackinac Railroad (D&M) "wye track" or "turn-around" right of way which ran through the forty-acre parcel. D&M's interest in the right of way was conveyed to it by a 1901 warranty deed from Frank and Ida Stinchfield. Tracks were laid, but apparently pulled up in the 1950s. It is undisputed that in 1948 D&M recorded a notice of its rights of way. It is also undisputed that this notice was not included in the abstract prepared by defendant Burton Abstract. The instant quiet title

---

* Circuit judge, sitting on the Court of Appeals by assignment.

action against defendant D&M ensued after plaintiffs learned of the right of way located on the forty-acre parcel. Plaintiffs also asserted a claim of negligence against defendant Burton Abstract.

Following a bench trial, the court on May 5, 1986, entered a judgment determining that D&M had preserved its interest in the right of way and that Burton Abstract was negligent in failing to include that interest in its abstract of plaintiffs' property. The court ordered Burton Abstract to cure the defect in plaintiffs' title by buying the disputed right of way from D&M and conveying it to plaintiffs. Burton Abstract appeals as of right. Plaintiffs cross-appeal the judgment in favor of D&M. We affirm.

On appeal, Burton Abstract first contends that D&M did not acquire title to the wye track right of way through plaintiffs' forty-acre parcel under the 1901 Stinchfield deed. According to Burton Abstract, the Stinchfield deed conveyed to D&M property located in Section 4, rather than Section 3, of Forest Township. The argument is wholly without merit. An examination of the Stinchfield deed establishes that it conveyed property located exclusively in Section 3, the location of plaintiffs' property and the wye track right of way.

Burton Abstract next argues that, even if D&M had title to the right of way, the trial court erred in finding that D&M preserved its interest under the marketable record title act, MCL 565.101 *et seq.*; MSA 26.1271 *et seq.* Plaintiffs join in this argument.

Under § 3 of the marketable record title act, MCL 565.103; MSA 26.1273, D&M's interest in plaintiffs' forty-acre parcel, conveyed to it in 1901, was extinguished unless within the forty-year period prior to plaintiffs' purchase D&M recorded a

notice of its interest. Section 5 of the act, MCL 565.105; MSA 26.1275, states:

> To be effective and to be entitled to record the notice above referred to shall contain an accurate and full description of all the land affected by such notice which description shall be set forth in particular terms and not be general inclusions . . . .

The notice that D&M recorded on January 29, 1948, after fixing the location of the land in Forest Township in Cheboygan County, refers to

> [a] 100 foot right-of-way lying 50 feet on each side of the centerline of the main railroad track as now laid over and across *the northwest quarter of the southwest quarter* and the northwest quarter, *Section 3;* and the northeast quarter of Section 4; Town 34 North, Range 1 East. Also a *100 foot right-of-way lying 50 feet on each side of the centerline of* the abandoned Indian River Branch and *the abandoned Wye tracks in said descriptions.* [Emphasis added.]

Thus, the notice described the affected land as one hundred feet along the abandoned wye tracks in the NW ¼ of the SW ¼, Section 3 of Forest Township. Plaintiffs' forty-acre parcel consists of all but a small wedge of the NW ¼ of the SW ¼ of Section 3.

Plaintiffs and Burton Abstract contend that reference to abandoned railroad tracks is too general to satisfy the particularity requirement of § 5 of the marketable title act. We disagree. The purpose of the filing of notice provision is to put persons on notice of existing interests in land created by a conveyance or title transaction which was executed more than forty years in the past. The notice in this case was sufficient to accomplish that purpose. It gave notice of a claim of interest

in the wye track bed located in the NW ¼ of the SW ¼ of Section 3—plaintiffs' forty acres. No more was needed to alert a person examining title to the parcel to the possibility of a cloud on title. Furthermore, no more was needed to alert an abstracter that the claim should be included in the abstract of any parcel within the NW ¼ of the SW ¼ of Section 3. Burton Abstract's failure to do so must be attributed to its abstracter, not a deficiency in D&M's notice of claim.

Burton Abstract next argues that the judgment against it must be reversed because the trial judge failed to set forth specific findings of fact on the ownership of the disputed property. The argument is without merit. A reading of the judge's decision makes it clear that he found D&M to be the owner of the right of way because its 1948 notice of claim was satisfactory and because plaintiffs had failed to prove adverse possession. This was sufficient to comply with MCR 2.517. See, e.g., *Birkenshaw v Detroit,* 110 Mich App 500, 509; 313 NW2d 334 (1981), lv den 417 Mich 913 (1983).

Next, plaintiffs and Burton Abstract argue that the trial court erred in finding that plaintiffs failed to prove their claims of adverse possession and abandonment against D&M. In order to secure title by adverse possession, the claimant's possession must be actual, visible, open, notorious, exclusive, continuous, uninterrupted for the fifteen-year statutory period and under color or claim of right. *Burns v Foster,* 348 Mich 8, 14; 81 NW2d 386 (1957); *Mackinac Island Development Co, Ltd v Burton Abstract & Title Co,* 132 Mich App 504, 512; 349 NW2d 191 (1984), lv den 422 Mich 939 (1985). The doctrine of adverse possession is strictly construed. The party alleging title by adverse possession must prove the same by clear and positive proof. *Mackinac Island Development Co,*

*Ltd, supra,* p 512. The essential elements of abandonment are an intent to relinquish the property and acts putting that intention into effect. *Van Slooten v Larsen,* 410 Mich 21, 50; 299 NW2d 704 (1980), appeal dismissed 455 US 901 (1982); *Emmons v Easter,* 62 Mich App 226, 237; 233 NW2d 239 (1975). Nonuse by itself is insufficient to show abandonment. *Emmons, supra,* p 237.

In the instant case, D&M employee James Keavey testified that he inspects D&M's property in the area on a monthly basis, including the right of way across plaintiffs' property. Keavey further testified that trackage is removed because it is cost-effective in that the equipment can be used elsewhere, not because D&M has abandoned a right of way. Keavey never saw any use of the property that would have prevented D&M's use. He stated that in cases where the railroad's property is encroached upon or fenced off, the railroad advises the encroacher that it is railroad property and that the encroachment must be removed.

We agree with the trial court that plaintiffs failed to prove that D&M intended to abandon its right of way. We do not believe that the use of the term "abandoned" in D&M's 1948 notice of claim showed an intention to abandon its property interest in the right of way; the evidence indicates that the term refers only to the fact that D&M was no longer using the right of way in its operations. Indeed, the filing of the notice in itself indicated that D&M intended to preserve its interest. We further agree with the trial court that plaintiffs failed to prove adverse possession. Plaintiffs had not owned their property for the fifteen-year statutory period, and presented no evidence for purposes of "tacking" that their predecessor in title had adversely possessed the right of way.

Burton Abstract also contends that the court's

judgment must be reversed because, while it directs Burton Abstract to "purchase or otherwise negotiate the conveyance from D&M railroad to Plaintiffs of the subject real estate," it does not order D&M to sell the property or establish a fair market value. We believe the judgment is enforceable as presently drafted. At trial, it was established that D&M is willing to sell the right of way, and that it had recently sold similar rights of way for $650 an acre. Even if defendant Burton Abstract is unable to purchase the property, the judgment directs Burton Abstract to pay damages to plaintiffs measured by the difference between the value of the land with the encumbrance and without the encumbrance, and provides for an evidentiary hearing to make that determination. Therefore, reversal is not warranted.

Finally, Burton Abstract contends that the judgment is inconsistent with the court's findings of fact. On this point we agree. In his ruling from the bench, the trial judge stated that no damages could be assessed for the right of way over the four-acre parcel, since that right of way was specifically excepted in plaintiffs' deed. However, the May 5, 1986, judgment's description of the property from which the right of way must be cleared includes the four-acre parcel. Plaintiffs concede that this was error. We therefore remand to the circuit court to amend its judgment to exclude the four-acre parcel from its description of the property subject to damages.

Affirmed and remanded for correction of judgment. We do not retain jurisdiction.