SCHEPKE v DEPARTMENT OF NATURAL RESOURCES

Docket No. 120204. Submitted July 11, 1990, at Lansing. Decided August 21, 1990; approved for publication November 19, 1990, at 9:04 A.M.

Gerald Schepke brought an action in the Presque Isle Circuit Court against the Department of Natural Resources, seeking a declaration that he is the owner of the surface and the mineral rights of certain real property. The property originally was sold by the state in 1911 with the mineral rights reserved. Subsequent deeds contained no such reservation. In 1968 the DNR recorded a lease of oil and gas rights on the property. The lessee later recorded an assignment of fifty percent of its interest. In 1980, the lease interest was released to the state and the release was recorded. In 1987 Schepke obtained title to the property and recorded his interest. The trial court, Robert R. Ferguson, J., found that Schepke had constructive notice of the possible rights of the state and that he was not protected by the recording act, but ruled that the state was estopped from claiming title of the mineral rights because it had represented that it held no such interest and the plaintiff had justifiably relied on this representation to his prejudice. The defendant appealed.

The Court of Appeals *held:*

Notice of an interest in real property is whatever is sufficient to direct attention of a purchaser to prior rights or equities of a third party to enable ascertainment of their nature by inquiry. Notice need provide only the possiblity of rights of another, not positive knowledge of such rights. It should provide facts that would lead an honest person using ordinary caution to make further inquiries. In this case, the recorded lease, lease assignment, and discharge of the lease constituted sufficient notice to the plaintiff to make further inquiries regarding the possible rights of the state. The plaintiff could not have justifiably relied on the absence of a recorded reservation of rights.

Reversed.

*Wenzel, Papp & Yahne* (by *Karen Jo Wenzel*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Thomas J. Emery* and *Kevin T. Smith,* Assistant Attorneys General, for the defendant.

Before: BRENNAN, P.J., and MACKENZIE and WEAVER, JJ.

PER CURIAM. The Michigan Department of Natural Resources appeals as of right the August 7, 1989, order of the Presque Isle Circuit Court granting summary disposition in favor of Gerard W. Schepke. The court ruled that Schepke, as a matter of law, was the lawful owner of certain property and that the DNR had no valid interest in or claim to the mineral rights of the property. We reverse and remand.

In 1911, the state sold the property in issue, reserving the mineral rights. In 1915, an "attested correct copy" of the deed was recorded, which did not contain a reservation of the state's mineral rights. In 1931 and 1932, the property was returned to the state for nonpayment of taxes. The state sold the property again in 1933, and no mention was made of mineral rights. In 1968, the DNR recorded a lease of oil and gas rights on the property. Later that year the lessee recorded an assignment of fifty percent of its interest. In 1980, the lease interest was released to the state, and the release was recorded. On June 11, 1987, Schepke obtained title to the property and recorded his interest on June 19, 1987.

On June 9, 1988, Schepke brought this action, seeking a declaration that he was the owner of the property and that the DNR had no valid interest in the property's mineral rights. The DNR moved for summary disposition, alleging that there was no issue of material fact, but that only a question of

law existed. The parties filed a stipulation of facts and exhibits, and Schepke moved for summary disposition.

In its opinion, the trial court held that Schepke had constructive notice of the possible rights of a third party (the state) and that Schepke was not protected by the recording act. The court also determined that a merger of the title to the mineral and surface rights had not occurred when the state took possession of the property in 1931 and 1932. The court then ruled that the state was estopped from claiming title to the mineral rights on a theory of equitable estoppel, finding that the state had represented that it held no interest and that Schepke had justifiably relied on this representation to his prejudice.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a party's claim. The court must give the benefit of any reasonable doubt to the party opposing the motion and grant the motion only if it is impossible for the claim to be supported at trial because of a deficiency which cannot be overcome. *Brackens v Detroit Osteopathic Hospital,* 174 Mich App 290; 435 NW2d 472 (1989), lv den 433 Mich 857 (1989).

We have before us only the issue of equitable estoppel. Specifically, the question is whether the State of Michigan is estopped from claiming title to mineral rights in plaintiff's property where no reservation of these rights to the state was recorded, but a lease of mineral rights from the state to a third party was recorded.

The trial judge found that the DNR was estopped from claiming title to the mineral rights because the state had represented though the 1915 deed that it held no such interest.

The doctrine of equitable estoppel rests on broad principles of justice. It is applicable both to actions

of law and equity. *In re Prichard Estate,* 169 Mich
App 140; 425 NW2d 744 (1988), lv den 431 Mich
908 (1988). Estoppel arises where a party, by repre-
sentations, admissions, or silence, intentionally or
negligently induces another party to believe cer-
tain facts. The other party must not only have
justifiably relied on this belief, but also must be
prejudiced if the first party is permitted to deny
the facts upon which the second party relied.
*Southeastern Oakland Co Incinerator Authority v
Dep't of Natural Resources,* 176 Mich App 434; 440
NW2d 649 (1989).

The DNR argues that Schepke could not have
justifiably relied on the 1915 deeds, because re-
search of the tract index would reveal the re-
corded mineral leases. It claims that the presence
of those leases gave notice to Schepke that the
state was asserting rights to the subject property.

Notice is whatever is sufficient to direct atten-
tion of the purchaser of realty to prior rights or
equities of a third party and to enable him to
ascertain their nature by inquiry. Notice need only
be of the possibility of the rights of another, not
positive knowledge of those rights. Notice must be
of such facts that would lead any honest man,
using ordinary caution, to make further inquiries
in the possible rights of another in the property.
*Kastle v Clemons,* 330 Mich 28; 46 NW2d 450
(1951).

We find that the lease, the lease assignment,
and the discharge of the lease, all recorded, consti-
tuted sufficient notice to lead a person to make
further inquiries regarding the possible rights of
the state in the subject property. Thus, Schepke
could not have justifiably relied on the absence of
a recorded reservation of rights. *Southeastern
Oakland Co Incinerator Authority, supra.*

Since we would have reached a different result

had we occupied the trial court's position, we reverse the order below granting Schepke summary disposition. *In re Prichard Estate, supra.*

We reverse and remand for further proceedings consistent with this opinion.