**John CIPRIANO and Pasqualina Cipriano, Plaintiffs,**

v.

**Peter J. TOCCO, Anne M. Tocco, the United States Internal Revenue Service, and Frank Ioli, Defendants.**

**Civ. A. No. 89–CV–73517–DT.**

United States District Court, E.D. Michigan, S.D.

June 12, 1991.

Frederick A. Petz, Grosse Pte. Woods, Mich., for plaintiffs John Cipriano and Pasqualina Cipriano.

Vincent LoCicero, St. Clair Shores, Mich., for defendant Peter J. Tocco.

Elizabeth J. Larkin, Detroit, Mich., Mark D. Lansing, Washington, D.C., Frank Pollock, Bloomfield Hills, Mich., for defendant IRS.

## OPINION AND ORDER DENYING DEFENDANT FRANK IOLI'S MOTION FOR RECONSIDERATION OR REHEARING

ROSEN, District Judge.

Presently before the Court is Defendant Frank Ioli's Motion for Rehearing and/or Reconsideration of the Court's February 26, 1991 Opinion and Order Granting Plaintiffs' Motion for Summary Judgment Against Him. Pursuant to Local Rule 17(m)(2), the Court hereby decides the same without a hearing.

### PROCEDURAL AND FACTUAL BACKGROUND:

Defendant Frank Ioli presently moves for reconsideration of that portion of the Court's February 26, 1991 Opinion and Or-

der Regarding Pending Motions which granted the Plaintiffs partial summary judgment, finding that their interest in the disputed real estate located in Farmington Hills, Michigan is superior to the interest of Mr. Ioli. *See Cipriano v. Tocco,* 757 F.Supp. 1484 (E.D.Mich.1991). As argued by Mr. Ioli, the Court erred in making that legal determination, in the following respects:

A) The Court erred when it found that the "Affidavit of Interest" filed by Plaintiffs John and Pasqualina Cipriano with the Oakland County Register of Deeds was properly recorded under the Michigan Marketable Record Title Act, M.C.L. 565.105, because the Affidavit of Interest was filed in the Miscellaneous Records Book of the Register of Deeds office, rather than the Deeds Record Book, and because the recorded Affidavit of Interest was indexed in the tract index only, as opposed to the grantor/grantee index.

B) The Court incorrectly applied federal, as opposed to Michigan, law to determine whether the Ciprianos had given "money or money's worth" to Defendants Peter and Anne Tocco, as required by 26 U.S.C. § 6323(h)(1)(B), in exchange for their interest in the Toccos' interest in the land contract by which the Toccos purchased the Farmington Hills property. According to Ioli, the Court should instead have applied Michigan's Uniform Commercial Code and found that the Ciprianos' release of their mortgage on the Grosse Pointe Park residence did not constitute a "money or money's worth" exchange for their interest in the Farmington Hills property.

In its Opinion and Order, the Court held that the Ciprianos properly recorded, and thus perfected, their security interest in the Toccos' interest, as vendees, in the land contract whereby the Toccos purchased the Farmington Hills property from the former owners. As noted in the Opinion and Order, the Toccos assigned their vendees' interest in the land contract to the Ciprianos as security for the approximately $180,000 antecedent indebtedness owed by the Toccos to the Ciprianos. The assignment was intended by the parties as an assignment for security purposes only, as opposed to an absolute assignment.

The Ciprianos never recorded the assignment with the Oakland County Register of Deeds. Instead, they recorded a self-executed (i.e., not signed by the Toccos) "Affidavit of Interest" in which they stated that the Toccos had assigned their vendees' interest in the land contract to the Ciprianos. The Oakland County Register of Deeds accepted the Affidavit of Interest and recorded this document in the Register of Deeds "miscellaneous records book." The Register of Deeds also indexed the Affidavit of Interest in the tract index, referring to the Farmington Hills property itself, but did not index the Affidavit of Interest in the grantor/grantee index.

Before the IRS conducted the tax sale to Defendant Ioli, the IRS agent conducting the sale inspected the Oakland County Register of Deeds records, but searched only the grantor/grantee index to determine whether the delinquent taxpayers, the Toccos, had transferred their interest in the property to someone else. As a result of the Register of Deeds' failure to index the Affidavit of Interest in the grantor/grantee index, the IRS failed to uncover the Affidavit of Interest before it conducted the tax sale. However, after the IRS conducted the tax sale and after the IRS was notified that the Ciprianos claimed an interest in the Farmington Hills property via the assignment of the Toccos' vendees' interest to them, the IRS searched the tract index which disclosed the recorded Affidavit of Interest.

Mr. Ioli himself never conducted a title search or obtained a title insurance policy prior to purchasing the Farmington Hills property at the tax sale despite explicit warnings in the notices sent by the IRS to prospective purchasers that they should conduct their own title investigations.

LEGAL ANALYSIS:

As noted by the Court in its previous Opinion and Order, the relative priorities between the Ciprianos' interest and Frank Ioli's interest in the Farmington Hills property is governed by the Internal Revenue

Code because, as the purchaser of the taxpayer's interest in the property at the IRS-conducted tax sale, Mr. Ioli's priority position is the same as the priority of the federal tax lien at the time of the sale. Also as noted in the Court's previous Opinion and Order, the priority of the IRS' tax lien is governed by 26 U.S.C. § 6323. (Slip Op., at p. 14). Under that section, since the Ciprianos' interest at the time of the tax sale constitutes a "security interest," as defined by Section 6323(h)(1), their interest was prior to the IRS tax lien. *Id.* (citing *United States v. Phillips*, 715 F.Supp. 81, 83 (S.D.N.Y.1989)).

Section 6323(h) defines "security interest" as follows:

§ 6323. **Validity and priority against certain persons**

\* \* \* \* \* \*

(h) **Definitions.**—For purposes of this section and section 6324—

(1) **Security interest.**—The term "security interest" means any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnification against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth.

26 U.S.C. § 6323(h)(1).

The proffered basis for Mr. Ioli's present Motion for Reconsideration is that the Court improperly applied the provisions of Sections 6323(h)(1)(A) and (B). Specifically, Mr. Ioli argues that: (A) the Court incorrectly held that the Ciprianos' interest was properly perfected against subsequent judgment lien creditors under Michigan law; and (B) the Court improperly applied federal, as opposed to Michigan, law to determine that the Ciprianos had "parted with money or money's worth" at the time they received the security interest from the Toccos.

## A. PERFECTION UNDER MICHIGAN LAW

For the purposes of his present motion only, Defendant Ioli provisionally concedes that the Court was correct when it held in its previous Opinion and Order that the *proper* recording of the "Affidavit of Interest" would have been sufficient under Michigan law to perfect the Ciprianos' interest under the "Assignment of Vendees' Interest in Land Contract." What Mr. Ioli presently argues, however, is that the Affidavit of Interest was not *properly* recorded with the Oakland County Register of Deeds.

In its previous Opinion and Order, the Court held that the Ciprianos were entitled to record their Affidavit of Interest pursuant to M.C.L. § 565.105:

565.105. **Notice of claim to contain description of land; recording, fees, indexing**

Sec. 5. To be effective and to be entitled to record the notice above referred to shall contain an accurate and full description of all the land affected by such notice which description shall be set forth in particular terms and not by general inclusions, but if said claim is founded upon a recorded instrument then the description in such notice may be the same as that contained in such recorded instrument. Such notice shall be filed for record in the register of deeds office of the county or counties where the land described therein is situated. *The register of deeds of each county shall accept all such notices presented to him which describe land located in the county in which he serves and shall enter and record full copies thereof in the same way that deeds and other instruments are recorded and each register shall be entitled to charge the same fees for the recording thereof as are charged for recording deeds. In indexing such notices in his office each register shall enter such notices under the grantee indexes of deeds under the names of the claimants appearing in such notices.*

M.C.L. § 565.105 (emphasis added).

Mr. Ioli argues that the Affidavit of Interest was not properly recorded under this statute because: (1) the Affidavit of Interest was not recorded "in the same way that deeds and other instruments are recorded" since the Affidavit of Interest was recorded in the "miscellaneous" record book rather than in the deeds record book; and (2) the Affidavit of Interest was not indexed in the grantor/grantee index. The Court did not consider these arguments at the time it entered its previous Opinion and Order.

■ As to the first argument, the statute, by its terms does not strictly require that the notices of interest be recorded in the same way that *deeds* are recorded, but, rather, provides that such notices of interest be filed in the same way as "deeds and *other instruments* are recorded." The Michigan Supreme Court has long held that the miscellaneous record book is the appropriate place to record "exceptional instruments offered for record, such as bills of sales of timber, *land contracts*, deeds of cemetery lots, leases of buildings, and other kinds of papers." *Mee v. Benedict*, 98 Mich. 260, 57 N.W. 175, 178 (1893) (emphasis added). Accordingly, the Court finds that the Affidavit of Interest was recorded in the correct record book.

■ As to Mr. Ioli's second argument, it does appear that the Affidavit of Interest was not indexed in strict compliance with the terms of Section 565.105, since it was not indexed "under the grantee indexes of deeds under the names of the claimants appearing in such notices." However, in order to provide constructive notice to subsequent purchasers, such as Mr. Ioli, the recorded notice need only be "sufficient to direct attention of the purchaser of realty to prior rights or equities of a third party and to enable him to ascertain their nature by inquiry." *Schepke v. Department of Natural Resources*, 186 Mich.App. 532, 464 N.W.2d 713, 715 (1991).[1] *See also Strong v. Detroit & Mackinac Ry. Co.*, 167 Mich. App. 562, 423 N.W.2d 266, 268 (1988).

In the instant case, the Affidavit of Interest was indexed by the Oakland County Register of Deeds in the tract index. Thus, if Mr. Ioli had conducted a prudent[2] search prior to purchasing the Farmington Hills property at the tax sale, he would have discovered the Ciprianos' interest.

Conversely, if the Oakland County Register of Deeds had only complied with the literal requirements of Section 565.105, it would only have indexed the Affidavit of Interest by the name of the "grantee"—in this case, the Ciprianos. Consequently, no search of the title records would have revealed the Affidavit of Interest unless the person conducting the search was already aware of the Ciprianos' claim.

■ For these reasons, the Court cannot conclude that the Affidavit of Interest was improperly recorded and indexed. However, even if the Oakland County Register of Deeds did not comply with the provisions of 565.105, Mr. Ioli provides no authority for the proposition that this error must be attributed to the Ciprianos. Absent any

---

1. In *Schepke*, the State of Michigan claimed underlying mineral rights to land that was sold by the state in 1911, with a reservation of the underlying mineral rights, to a third party. Although the deed whereby the state sold the property contained the reservation of the mineral rights by the state, the *recorded* deed did not. Thus, the state of the land records, as reflected in the Presque Isle County Register of Deeds office, showed that the state transferred all of its rights pursuant to the 1911 deed. The plaintiff in *Schepke* eventually purchased the property in 1987, and his chain of title went back to the 1911 deed. Therefore, the plaintiff argued, he took the property *not* subject to any (unrecorded) reservation of mineral rights by the state.

However, the state had previously (but after the 1911 deed) recorded various leases and as-

signments of its mineral rights which it had reserved and these instruments were recorded in the tract index (as in the instant case). *Id.*, 464 N.W.2d, at 715. As a result, the Michigan Court of Appeals held that the plaintiff had sufficient notice of the state's mineral rights, *even though the state's reservation of those rights was not recorded*, and the plaintiff was not entitled to rely on the absence of the reservation of rights in the recorded 1911 deed.

2. A prudent search ordinarily encompasses an examination of the tract index respecting the particular property because a mere search of the grantor/grantee index will not necessarily reveal whether the Toccos themselves held valid title to the property.

evidence that the Ciprianos should have—or could have—controlled the way the Oakland County Register of Deeds records and indexes documents that are otherwise accepted for recording, the Court will not imply such a duty on the Ciprianos' part. The peculiar equities of this case certainly do not mandate a contrary result since there is no dispute here that Mr. Ioli himself made no effort to conduct a title search or obtain title insurance before he purchased the Farmington Hills property at the tax sale, even though the IRS' notices to prospective purchasers warned them to make their own title inquiries.

## B. THE MONEY OR MONEY'S WORTH REQUIREMENT

■ The Court held in its previous Opinion and Order that the Ciprianos had "parted with money or money's worth" at the time they received the "Assignment of Vendee's Interest in Land Contract" from the Toccos, thus satisfying the requirement of 26 U.S.C. § 6323(h)(1)(B). The Court explicitly rejected the argument that the Ciprianos' releasing their mortgage on the Grosse Pointe Park residence in exchange for the Assignment of Purchaser's Interest in Land Contract was anything other than a contemporaneous exchange, and the Court again rejects that argument here. *See* Local Rule 17(m)(3) ("... motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.").

Nevertheless, in his Motion for Reconsideration, Mr. Ioli argues, as he argued before, that the release of the mortgage on the Grosse Pointe Park residence constitutes "past consideration," and past consideration does not constitute "money or money's worth" under Section 6323(h)(1)(B) and the applicable regulation, 26 C.F.R. § 301.6323(h)–1(a)(3).

The regulation states as follows:

§ 301.6323(h)–1  Definitions.

(a) *Security interest—*

\*　\*　\*　\*　\*　\*

(3) *Money or money's worth.* For purposes of this paragraph, the term "money or money's worth" includes money, a security (as defined in paragraph (d) of this section), tangible or intangible property, services, and other consideration reducible to a money value. Money or money's worth *also includes* any consideration which otherwise would constitute money or money's worth under the preceding sentence *which was parted with before the security interest would otherwise exist if, under local law, past consideration is sufficient to support an agreement giving rise to a security interest.* A relinquishing or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights is not a consideration in money or money's worth. Nor is love and affection, promise of marriage, or any other consideration not reducible to a money value a consideration in money or money's worth.

26 C.F.R. § 301.6323(h)–1(a)(3) (emphasis added).

Mr. Ioli asserts that this regulation "requires in no uncertain terms that local law be followed to determine whether past consideration is sufficient to support an agreement creating a present security interest." As the Court construes the regulation, however, the Court need not resort to "local law" unless and until the Court finds that the Ciprianos "parted with" the mortgage on the Grosse Pointe Park residence *before* it took the security interest in the Farmington Hills property. But, as noted above and in the Court's previous Opinion and Order, these transactions were contemporaneous. Therefore, there is no need to consult "local law" to determine whether "past consideration" can "support" a security interest, since "past consideration" is not at issue here.

Even if the Court were required to consult local law, the Court cannot accept Ioli's assertion that "[t]here is no doubt that since January 1, 1964 the applicable Michigan law is the Michigan Uniform Commercial Code...." The transactions at issue in the instant case are real estate

transactions which are specifically excluded from the provisions of Article 9 of the UCC. *See* M.C.L. § 440.9102(1); Official U.C.C. Comment 4.

Even assuming that the U.C.C. were applicable to these transactions, Mr. Ioli makes a further logical leap. In his motion for reconsideration, Mr. Ioli equates the "money or money's worth" requirement in Section 6323(h)(1)(B) with "purchase money security interest" as defined under 9107 of the Michigan Uniform Commercial Code, M.C.L. § 440.9107. Mr. Ioli argues that the "Assignment of Vendee's Interest in Land Contract" cannot qualify as a "purchase money security interest," under the U.C.C. and, *therefore*, the release of the Grosse Pointe Park residence cannot "support" the Ciprianos' security interest in the Farmington Hills residence. This argument is pure *non sequitur*.

Instead, a security agreement is valid under Section 9203(1)(b) of the Michigan U.C.C., M.C.L. § 404.9203(1)(b) as long as "value has been given." In turn, Section 1201(44)(b), M.C.L. § 440.1201(44)(b) defines the term "value" by stating, "a person gives 'value' for rights if the person acquires them ... [a]s security for or in total or partial satisfaction of a preexisting claim." Consequently, an antecedent or preexisting debt is sufficient consideration to "support" a security agreement under Section 440.9203(1)(b). *See also Auch v. Andres*, 289 Mich. 206, 286 N.W. 214, 215 (1939); *Ann Arbor Const. Co. v. Glime Const. Co.*, 369 Mich. 669, 120 N.W.2d 747, 749 (1963).

CONCLUSION:

For the reasons stated herein, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Ioli's Motion for Reconsideration is DENIED.