53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred BREGANTINI, Defendant-Appellant.
 No. 94-2454.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided April 28, 1995.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin; No. 90 CR 214, Thomas J. Curran, Judge.
 E.D.Wis.
 DISMISSED IN PART, AFFIRMED IN PART.
 Before PELL, MANION and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In December 1990, Alfred Bregantini was charged with ten counts of drug trafficking and conspiracy to commit access-device fraud and wire fraud in violation of 18 U.S.C. Secs. 1029(a)(2), 1929(b)(2), 1343, 371, 841(a)(1), 843(b), and 846. The indictment also contained a provision to forfeit property owned by Bregantini pursuant to 21 U.S.C. Sec. 853. In February 1991, the district court agreed to sever the charges of fraud from the charges of drug trafficking. In April 1991, a jury found Bregantini guilty of the drug trafficking charges and determined that the property subject to forfeiture was related to his offense.
 
 
 2
 In May 1991, a jury found Bregantini guilty of three of the four charges of fraud. However, the district court ordered a new trial because inadmissable evidence was placed in the jury room during deliberations. Following a second trial, a jury found Bregantini guilty of all four counts of fraud. The district court sentenced Bregantini to a total of fifty-seven months imprisonment and a $3,000 fine.
 
 
 3
 Bregantini appealed his sentence contesting the amount of loss for which the district court held him liable, the district court's decision to depart upward from criminal history category I to category II, and the district court's decision to increase his offense level for more than minimal planning. We affirmed in an unpublished opinion. See United States v. Chernoff, No. 92-2844, 92-3040, 92-3083, 92-3093, 92-3348, (7th Cir. April 19, 1994). Bregantini now brings this appeal raising new challenges to his criminal conviction and contesting the forfeiture hearing.
 
 A. Criminal Proceedings
 
 4
 Bregantini raises four issues relating to his criminal proceedings: (a) the district court abused its discretion by failing to excuse a juror for cause, (b) the second trial on the fraud charges violated his right against double jeopardy, (c) the district court erred in sentencing by finding that he obstructed justice, and (d) the government violated his due process rights by failing to provide adequate notice of the subject matter of a witness' testimony at the sentencing hearing. However, Bregantini fails to state the jurisdictional basis for our review of these claims. Nor could he. Bregantini already brought a direct criminal appeal and did not file a motion to review these claims pursuant to 28 U.S.C. Sec. 2255 in the district court. Therefore we lack jurisdiction because there is no final decision of the district court. 28 U.S.C. Sec. 1291 (court has jurisdiction from final decisions of the district court); see also R. 3, Rules Governing Section 2255 Proceedings (2255 motions must be filed with the district court).
 
 B. Forfeiture
 
 5
 Following the jury's verdict that Bregantini's interest in the property at 695 North Brookfield Road was forfeitable, the government filed a lis pendens notice which incorrectly described the property. Bregantini availed himself of the opportunity and sold the property to a third party. When the error and sale were discovered, the district court ordered forfeiture of substitute property up to the value of Bergantini's interest in the 695 Brookfield Road property pursuant to 21 U.S.C. Sec. 853(p). In December 1993, proceedings were commenced to determine the interests of persons other than Bregantini in the substitute property. See 21 U.S.C. Sec. 853(n) (third party interests). The third parties reached a settlement agreement which was approved by the district court on April 21, 1994.
 
 
 6
 In March 1994, Bregantini moved to have an attorney appointed for him and copies of any depositions taken in connection with the third-party forfeiture proceedings. He then requested the court to stay any disposition of the forfeiture proceedings until he could appeal his motions. On April 5, 1994, the district court denied Bregantini's motions finding that because the forfeiture hearing related only to third parties and not to Bregantini, Bregantini lacked standing to appear or intervene in the proceeding. Bregantini now argues that the district court erred by failing to provide him adequate notice of the forfeiture hearing.
 
 
 7
 Once the jury determined that Bregantini's property was subject to criminal forfeiture, forfeiture was statutorily mandated. 21 U.S.C. Sec. 853(a).
 
 
 8
 Criminal forfeiture actions are in personam and determine the government's title in property only against the named defendants, while civil forfeiture actions are in rem and determine the government's title in property as against the whole world.... Under criminal forfeiture, property cannot be sold off after conviction until notice to other potential third party claimants is had pursuant to 21 U.S.C. Sec. 853(n).
 
 
 9
 United States v. Tit's Cocktail Lounge, 873 F.2d 141, 143 (7th Cir.1989). The forfeiture hearing held by the district court involved "persons other than the defendant" who asserted a legal interest in the property subject to forfeiture. 21 U.S.C. Sec. 853(n)(2). Therefore, the district court correctly found that Bregantini lacked standing to participate in the forfeiture hearing.
 
 
 10
 DISMISSED IN PART, AFFIRMED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record