In the

# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 06-2586 & 06-2587

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEFFREY GROSSMAN,

*Defendant,*

APPEALS OF:

WELLS FARGO BANK and
AURORA LOAN SERVICES, LLC,

*Third Party-Petitioners.*

---

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CR 678—**Elaine E. Bucklo**, *Judge.*

---

ARGUED MAY 29, 2007—DECIDED SEPTEMBER 10, 2007

---

Before BAUER, WOOD, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.*   This is a criminal forfeiture proceeding, ancillary to a federal criminal action, in which Wells Fargo Bank and Aurora Loan Services claim a superior interest in property seized by the government. The district court granted the government's motion to dismiss. On appeal, Wells Fargo and Aurora claim that the property is not subject to forfeiture and that they did not have notice of the government's interest. We affirm

the dismissal of Wells Fargo's petition for untimeliness, but we vacate the dismissal of Aurora's petition and remand for further proceedings.

## I. Background

Jeffrey Grossman pleaded guilty to bank fraud, wire and mail fraud, money laundering, and obstruction of justice, all relating to real estate developments in the Chicago area and elsewhere. Using some of the proceeds from this criminal activity, Jeffrey Grossman had funded the construction of a residence in South Haven, Michigan ("the property"). His wife, Bette Grossman, was the record title holder of the property. The government sought to forfeit the property as part of the criminal proceedings and recorded a *lis pendens* with the Van Buren County, Michigan Register of Deeds on May 8, 2003. The *lis pendens* was recorded in the book of levies but did not name Bette Grossman.

After the government recorded the notice of *lis pendens*, Aurora and Wells Fargo acquired interests in the property by granting mortgages to Bette Grossman. Aurora took a mortgage assignment on the property, recorded on June 24, 2003 with the Van Buren County Register of Deeds; Wells Fargo extended a mortgage on the property, recorded on March 2, 2004 with the Van Buren County Register of Deeds.

Jeffrey Grossman admitted that the property was subject to forfeiture and agreed to entry of a forfeiture judgment in the amount of $4,000,000. Bette Grossman executed a quit claim deed to the government for the property, and the district court entered a preliminary order of forfeiture against the property on December 14, 2004. The government served both Wells Fargo and Aurora with notice of the forfeiture order on March 7, 2005.

Wells Fargo and Aurora filed petitions seeking a declaration that their mortgages from Bette Grossman were superior to any interest the government could take in its forfeiture action. On April 5, 2005, Aurora filed its petition, and on August 2, 2005, Wells Fargo filed its petition. The government moved to dismiss both petitions, which the district court granted. Wells Fargo and Aurora timely filed this appeal.

## II. Discussion

Under the criminal forfeiture statute, a third party may petition for a hearing to adjudicate its interest in a property to be forfeited. 21 U.S.C. § 853(n)(2). Federal Rule of Criminal Procedure 32.2 governs the procedure of this proceeding. Under this rule, when a third party files a petition asserting an interest in property to be forfeited, the court must conduct an "ancillary proceeding," Fed R. Crim. P. 32.2(c)(1), which closely resembles a civil action. "In the ancillary proceeding, the court may, on motion, dismiss the petition for . . . failure to state a claim . . . ." Fed. R. Crim. P. 32.2(c)(1)(A). This procedure is treated like a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Fed. R. Crim. P. 32.2 advisory committee's note. Dismissal of a claim is appropriate only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In ruling on a motion to dismiss, we construe all well-pleaded allegations of the petition as true and draw all reasonable inferences in favor of the plaintiff. *Christensen v. County of Boone*, 483 F.3d 454, 466 (7th Cir. 2007). We review the grant of the motion to dismiss *de novo*. *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002).

To obtain relief, each petitioner must establish by a preponderance of the evidence either (a) that its interest is superior to that of the defendant because it arose before he committed the criminal acts giving rise to the forfeiture, or (b) that it was a bona fide purchaser for value without actual or constructive knowledge of the government's interest in the property. 21 U.S.C. § 853(n)(6)(A-B). Wells Fargo and Aurora obtained their interest in the property after the conduct giving rise to forfeiture so the first condition does not apply. We are therefore only concerned with whether Wells Fargo and Aurora could show that they were bona fide purchasers for value without notice. We look to Michigan property law to determine what constitutes notice. *See United States v. 5 S 351 Tuthill Rd.*, 233 F.3d 1017, 1021 (7th Cir. 2000) ("State law defines and classifies property interests for purposes of the forfeiture statutes, while federal law determines the effect of the property interest on the claimant's standing.").

### A.  Wells Fargo

The government claims that Wells Fargo was untimely in filing its petition. We agree. Under the criminal forfeiture statute, a third party must file its petition within thirty days of the earlier of its receipt of (1) actual notice of the order of intent to dispose or (2) the final publication of the notice. 21 U.S.C. § 853(n)(2). If the third party does not file its claim within the thirty days, "the United States shall have clear title to property that is subject to the order of forfeiture." 21 U.S.C. § 853(n)(7). We construe this provision "liberally . . . to effectuate its remedial purposes." 21 U.S.C. § 853(o).

Wells Fargo admits that its petition was not filed within thirty days after its agent received notice. The government served its notice to Wells Fargo on March 7, 2005, and

Wells Fargo filed its petition five months later: on August 2, 2005. Wells Fargo claims it failed to file its petition within thirty days because the government failed to provide it with adequate notice. We find this argument meritless. The notice provided by the government included the preliminary order of forfeiture, which identified the property by legal description, PIN number, and street address. It also warned that "the foregoing funds and real property are subject to forfeiture based on the defendant's conviction for the above reference violations." We find that the notice was adequate, and the district court properly dismissed Wells Fargo's petition.

## B. Aurora

Aurora first challenges the district court's ruling that the property was subject to forfeiture. Aurora claims that the *lis pendens* notice, which referred only to Jeffrey Grossman's interest in the property, could not affect the interest of Bette Grossman, the record owner. Alternatively, Aurora claims that because Jeffrey Grossman had no recorded interest, he had no interest in the house that could be forfeited. We disagree.

The interests subject to forfeiture encompass all the fruits of a defendant's crimes, including assets held in the name of third parties. 21 U.S.C. § 853(c). Jeffrey Grossman admitted that funds from his illegal activity funded the construction of the house and agreed that it was subject to forfeiture.

Lastly, Aurora asserts that the government's *lis pendens* was ineffective constructive notice because it was filed under Jeffrey Grossman's name, outside the chain of title. Further, Aurora claims that because Van Buren County has no tract index, the government's *lis pendens* could not be discovered by a prudent title search. The government

counters that a recorded interest is sufficient constructive notice. Because it filed its *lis pendens* in the book of levies first, the government claims that it has priority to the property regardless of how the filing was indexed. We must determine whether the government's *lis pendens* served as constructive notice under Michigan law.

A *lis pendens* is a public notification that "warn[s] all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." Black's Law Dictionary (8th ed.). The effect of a *lis pendens* is to give notice to interested parties that the property is subject to a lawsuit. *See Continental Paper & Supply Co. v. City of Detroit*, 545 N.W.2d 657, 662 (Mich. 1996). However, to give notice to interested parties, a *lis pendens* must be recorded in accordance with Michigan law. Mich. Comp. Laws. § 565.25 sets forth Michigan's race-notice statute, which establishes that recorded instruments generally serve as constructive notice:

> (1) In the entry book of deeds, the register shall enter all deeds of conveyance absolute in their terms, and not intended as mortgages or securities, and all copies left as cautions. In the entry book of mortgages the register shall enter all mortgages and other deeds intended as securities, and all assignments of any mortgages or securities. In the entry book of levies the register shall enter all levies, attachments, liens, notices of lis pendens, sheriffs' certificates of sale, United States marshals' certificates of sale, other instruments of encumbrances, and documentation required under subsection (2), noting in the books, the day, hour, and minute of receipt, and other particulars, in the appropriate columns in the order in which the instruments are respectively received.
>
> . . .

(4) The instrument shall be considered as recorded at the time so noted and shall be notice to all persons except the recorded landowner subject to subsection (2), of the liens, rights, and interests acquired by or involved in the proceedings. All subsequent owners or encumbrances shall take subject to the perfected liens, rights, or interests.

Mich. Comp. Laws. § 565.28 requires each party named in an instrument accepted for recording to also be entered into an alphabetical grantor-grantee index:

Each register of deeds shall keep a proper general index to each set of books in which he or she shall enter alphabetically the name of each party to each instrument recorded by the register of deeds, with reference to the book and page where the instrument is recorded . . . .

Finally, Mich. Comp. Laws. § 565.29 summarizes the effect of these Michigan recording statutes by stating that recordings not performed in accord with the provisions of Chapter 565 are ineffective against subsequent purchasers in good faith and for a valuable consideration:

Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded. The fact that such first recorded conveyance is in the form or contains the terms of a deed of quit-claim and release shall not affect the question of good faith of such subsequent purchaser, or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof.

The government argues that the chain of title is irrelevant, relying heavily on a negative inference created in

*Graves v. Am. Acceptance Mortg. Corp.*, 677 N.W.2d 829
(Mich. 2004). In *Graves*, amicus and one of the parties
advanced arguments that a property interest must be
recorded in the grantor-grantee index. The court declined
to review this argument and there is no discussion of it
in its opinion. The government also relies on *Cipriano v.
Tocco*, 772 F. Supp. 344 (E.D. Mich. 1991), *Schepke v. Dept.
of Nat. Resources*, 464 N.W.2d 713 (Mich. Ct. App. 1990),
and *Thomas v. Bd. of Supervisors*, 182 N.W. 417 (Mich.
1921). In each of these cases, a tract index was available
as an additional method of title searching. In Van Buren
County, however, the grantor-grantee index is the only
searchable method.

We construe the Michigan statutes together to mean
that an interest must be recorded within the chain of title,
in the grantor-grantee index, to have priority over a bona
fide purchaser. The register of deeds is required to keep
a grantor-grantee index, and under M.C.L. 565.29, it is
only effective against a bona fide purchaser if it is in the
grantor-grantee index. This position is also supported by
Michigan case law. *See Bristol v. Braidwood*, 28 Mich. 191,
193 (Mich. 1873) ("prior mortgage might describe the
same land, yet, if executed by some one having no connec-
tion with the real title, but outside of the chain of title, it
could in no way defeat or affect the [later filed] mortgage
or impair its security"); *Meacham v. Blaess*, 104 N.W. 579,
580 (Mich. 1905) ("the record of deeds not in [the] chain of
title [of a party] is no notice [to that party]"); *Schweiss v.
Woodruff*, 41 N.W. 511, 513 (Mich. Ct. App. 1889) ("The
question . . . is whether the record contains sufficient
[information] to apprise a party that some right or title is
claimed or attempted to be conveyed in the premises, and,
if it does, the purchaser is bound to use reasonable dili-
gence to ascertain what it is that is so claimed or at-
tempted to be conveyed."). Because the government's
*lis pendens* was recorded outside the chain of title and

because Van Buren County has no tract index, there was no way for Aurora to learn of the government's interest. The idea that the government's filing could be constructive notice defies logic. We find that the district court erred by dismissing Aurora's case.

### III.  Conclusion

For the aforementioned reasons, the judgment of the district court as to Wells Fargo is AFFIRMED, and the judgment of the district court as to Aurora is VACATED and REMANDED for further proceedings.

A true Copy:

       Teste:

                            _____

                            *Clerk of the United States Court of*
                                  *Appeals for the Seventh Circuit*