In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-2359

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DENNIS R. WILLIAMS and LESLIE ANN WILLIAMS,

*Defendants-Appellants*,

*and*

INDIANA DEPARTMENT OF REVENUE and CLARK COUNTY, INDIANA,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Indiana, New Albany Division.
No. 4:11-cv-00084-RLY-DML — **Richard L. Young**, *Chief Judge*.

SUBMITTED JANUARY 17, 2014 — DECIDED AUGUST 10, 2015

Before CUDAHY, EASTERBROOK, and ROVNER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. The first question in this appeal, as in *HSBC Bank USA, N.A. v. Townsend*, No. 13-1017

(7th Cir. July 16, 2015), is whether an order of foreclosure is a "final decision" for the purpose of appellate jurisdiction. We deferred consideration of this appeal until *HSBC Bank* had been issued. *HSBC Bank* holds that a mortgage foreclosure governed by Illinois law is not final, and thus not appealable under 28 U.S.C. §1291 or Fed. R. Civ. P. 54(b), because the amount of a deficiency judgment (if any) depends on the reasonableness of the price realized at the sale, and the validity of the sale itself is contestable under an open-ended state standard calling on the judge to determine whether the outcome is equitable. Moreover, *HSBC Bank* observes, Illinois provides debtors with multiple opportunities to redeem before a transfer takes effect.

Our case is governed by federal rather than state law. Between 2002 and 2008 the Internal Revenue Service assessed tax deficiencies against Dennis Williams in connection with his income tax for 1996 through 2005. These assessments, including interest and penalties, come to about $1.3 million. Dennis did not contest them, but neither did he pay, and the IRS filed tax liens with the County Recorder for Clark County, Indiana, where Dennis and his wife Leslie Ann Williams jointly own a parcel of land. The State of Indiana also filed liens (it wants to collect about $415,000 from the couple jointly and another $40,000 from Dennis individually), and the County itself filed tax liens.

The district court entered an order that specifies how much Dennis owes to each of the three taxing bodies, orders the property to be sold and the net receipts applied to these debts, and details how the money will be divided among the United States, the State, the County, and Leslie. 2013 U.S. Dist. Lexis 185932 (S.D. Ind. May 3, 2013). The order states

that it is the district court's final decision, resolving all issues, and the Williamses appealed.

The foreclosure sale is authorized by §7403(c) of the Internal Revenue Code, 26 U.S.C. §7403(c). Section 7403 does not provide for deficiency judgments, one of the post-sale steps that made the order non-final in *HSBC Bank*, because the debt is established independently by the judgment on the IRS's assessment. Net proceeds of the sale are applied to the outstanding taxes; there is no separate judgment for a difference between the proceeds and the tax debt.

Nor does federal law contain anything similar to 735 ILCS §5/15-1508(b)(iv), which permits a court to determine whether "justice was otherwise not done" in the auction; the foreclosure is self-executing, without any need for confirmation by a court (though the sale is subject to the usual federal doctrines that allow relief from a judgment). Section 7403(c) also does not give the taxpayer a right of redemption. See *United States v. Heasley*, 283 F.2d 422 (8th Cir. 1960). We conclude, therefore, that a judgment foreclosing a federal tax lien and specifying how the proceeds are to be applied is appealable because it ends the litigation and leaves nothing but execution of the court's decision, the standard definition of "final" under §1291. See, e.g., *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 902 (2015); *Catlin v. United States*, 324 U.S. 229, 233 (1945).

On the merits, the appeal is feeble. The Williamses' lead argument is that the suit should have been dismissed, because 26 U.S.C. §7401 provides that "[n]o civil action for the collection or recovery of taxes … shall be commenced unless the Secretary [of the Treasury] authorizes or sanctions the proceedings and the Attorney General or his delegate directs

that the action be commenced." The attorney representing the United States filed a declaration, signed by an IRS official, stating that the Secretary's delegate has authorized the suit—which is being prosecuted by the Department of Justice, demonstrating the approval of the Attorney General's delegate. The Williamses did not offer any contrary evidence. Nor did they contend that there are logical or factual flaws in the assessments. The Williamses deny liability but sat on their hands in court. The district court rightly concluded that this will not do.

Instead of joining issue on the amount of taxes owed, the Williamses maintain that they did not receive adequate notice of the deficiencies. This led the United States to supply evidence about how notice was given; the record includes a log showing certified mail to the correct address. To this the Williamses replied by denying that their records contain any relevant notices. That's evasive. Their records would be empty if they never picked up their mail or if, after receiving the notices, they threw them away. But people who receive formal notices cannot avoid liability by not opening the envelopes, or throwing the contents away after realizing that they bring unwelcome news. See *Ho v. Donovan*, 569 F.3d 677, 680–81 (7th Cir. 2009). Mailing to the correct address suffices. See, e.g., *O'Rourke v. United States*, 587 F.3d 537, 541–42 (2d Cir. 2009); *United States v. Ahrens*, 530 F.2d 781, 784–85 (8th Cir. 1976).

The Williamses also contend that the state and county tax claims are not properly part of the suit because they were raised by the United States rather than by Indiana or Clark County. We don't see how taxpayers have any legal interest in how state and municipal claims come before the court;

Indiana and Clark County themselves are not protesting. And the reason the United States put these items in its complaint is that §7403(c) gives the district court power to resolve *all* competing claims to a parcel of property. The state and county claims belong in the proceeding, because the State and the County assert liens on the same parcel as the United States does.

Leslie maintains, however, that selling the parcel to collect Dennis's federal taxes impermissibly impinges on her property interest. The Supreme Court held in *United States v. Rodgers*, 461 U.S. 677 (1983), that a district court is entitled to order an entire parcel sold even though an innocent person may have an ownership interest. Before doing this, *Rodgers* states, the court must consider all equitable arguments the innocent owner offers. 461 U.S. at 709–11. The district judge did just that, observing that Leslie's interest, saddled by three tax liens, probably would be worth less than the amount she is likely to receive after a sale. The judge added that neither Dennis nor Leslie lives on the parcel, so the sale will not disrupt their household. That decision is sensible and certainly not an abuse of discretion.

AFFIRMED