In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3554

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOYCE ADENT, *et al.*,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:12-cv-01286-RTR — **Rudolph T. Randa**, *Judge.*

ARGUED APRIL 19, 2016 — DECIDED MAY 10, 2016

Before BAUER, POSNER, and FLAUM, *Circuit Judges.*

BAUER, *Circuit Judge.* Following the ratification of the United States Constitution, Benjamin Franklin wrote: "[I]n this world nothing can be said to be certain, except death and taxes." These words are as true today as when Franklin wrote them in 1789. And when taxes are not paid, the federal government has many means to ensure prompt collection of those taxes. So the defendants-appellants found out the hard way.

Leonard and Joyce Adent failed to pay their taxes and the government filed suit to foreclose on its tax liens attached to the Adents' property. The Adents, with their son Derek Adent, who is also a defendant-appellant (collectively the "Adents"),[1] appeal the district court's order granting the government's motion for summary judgment in its tax lien foreclosure action with regard to two parcels of real property. The Adents argue that the government failed to bring its foreclosure action within the applicable statute of limitations period and that the properties should not be forcibly sold because of the resulting prejudice to innocent, non-delinquent parties (Joyce and Derek). We reject all of the Adents' arguments and affirm the district court's order.

## I. BACKGROUND

Leonard and Joyce Adent, who are husband and wife, filed joint federal income tax returns for the years 1998 and 2001, showing they owed taxes which they did not pay. The Internal Revenue Service ("IRS") assessed the federal income taxes owed for 1998 on December 2, 2002, and sent a demand for payment to Leonard and Joyce on the same date. The IRS assessed the federal income taxes owed for 2001 on February 17, 2003, and sent a demand for payment to Leonard and Joyce on the same date. As of October 15, 2012, Leonard and Joyce owed a balance of $90,681.26 for the personal income taxes for 1998 and 2001. Leonard also owed federal employment and unemployment taxes for various periods between

---

[1] Because all of the parties at issue here have the last name Adent, we will refer to the interested parties individually by their first names.

October 2006 and April 2012. The IRS also assessed Leonard's federal employment and unemployment taxes; as of October 15, 2012, Leonard owed a balance of $65,637.17 for the employment and unemployment taxes.

Leonard and Joyce jointly own a residential piece of property, Parcel A, which is their residence. Leonard and Derek jointly own a commercial piece of property, Parcel B, which is mixed-use condominium and commercial. Joyce has office space for her business at Parcel B. By virtue of the IRS assessments for Leonard's and Joyce's personal income taxes and Leonard's employment and unemployment taxes, tax liens attached to Parcels A and B. *See* 26 U.S.C. §§ 6321, 6322.

The government filed suit on December 18, 2012, to reduce the assessments to judgment, foreclose the liens, and obtain a sale of Parcels A and B to satisfy the tax debts. The Adents filed three separate answers to the complaint but did not raise the statute of limitations as an affirmative defense. On July 11, 2014, Leonard and Joyce stipulated to entry of judgment based upon the tax assessments; specifically, Leonard and Joyce stipulated that they jointly and severally owe and are liable for the unpaid personal income taxes to the IRS in the amount of $90,681.26 as of October 15, 2012, with penalties and interest until paid. Likewise, Leonard stipulated that he owes and is liable for the unpaid employment and unemployment taxes to the IRS in the amount of $65,637.17 as of October 15, 2012, plus penalties and interest until paid. The district court entered judgment in favor of the government based on the stipulations.

Thereafter, the government moved for summary judgment to foreclose on the liens and to obtain an order for the sale of

Parcels A and B. The district court granted the government's motion. The district court found that because there were no innocent party interests in Parcel A, it was required to order the sale. With regard to Parcel B, the district court found Derek had an innocent party interest.

In considering the factors prescribed by *United States v. Rodgers*, 461 U.S. 677 (1983), the district court weighed the resultant prejudice to the government of a partial sale and the resultant prejudice to Derek of a total sale. It found in favor of the government: that a total sale of Parcel B was proper. Leonard, Joyce, and Derek appeal the district court's decision ordering the sale of Parcels A and B.

## II.  DISCUSSION

We have jurisdiction to hear the Adents' appeal: the district court's order is a final decision. *United States v. Davenport*, 106 F.3d 1333, 1334–35 (7th Cir. 1997), *citing Forgay v. Conrad*, 47 U.S. 201, 204 (1848). *See also United States v. Williams*, 796 F.3d 815, 817 (7th Cir. 2015) (citations omitted). We review the district court's order granting the government's motion for summary judgment *de novo* and construe all facts and reasonable inferences in the Adents' favor. *Venters v. City of Delphi*, 123 F.3d 956, 962 (7th Cir. 1997) (citations omitted); *Davenport*, 106 F.3d at 1334 (citation omitted). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Adents raise two main issues on appeal, a statute of limitations argument and an innocent third-party interest argument, which we address individually.

We first consider the Adents' argument that the government failed to file its foreclosure suit within the applicable ten-year statute of limitations period as prescribed by 26 U.S.C. § 6502(a)(1). The running of the statute of limitations as a bar to suit is an affirmative defense and must be pleaded in a defendant's answer to the complaint. Fed. R. Civ. P. 8(c); *Venters*, 123 F.3d at 967. It has long been recognized that a defendant's failure to plead the statute of limitations as an affirmative defense in his or her answer to the complaint constitutes a waiver of that defense. *Venters*, 123 F.3d at 967–68 (citations omitted) (statute of limitations defense waived where not pleaded in answer and raised for first time in response to motion for summary judgment without motion to amend answer). All three Adents failed to plead the statute of limitations as an affirmative defense in their individual answers to the complaint. They also failed to argue the statute of limitations as a bar to suit in opposition to the government's summary judgment motion. And, none of the Adents ever moved to amend their answers to include the statute of limitations as an affirmative defense. Therefore, all three Adents have waived any statute of limitations argument on appeal.

Next, we consider the Adents' argument that the district court should have exercised its discretion and not ordered the sale of Parcels A and B. There is no dispute that the tax liens properly attached to both properties. Section 7403 of the Internal Revenue Code allows the government to file a civil suit to enforce its lien(s) and recover payment in any case where taxes have not been paid. 26 U.S.C. § 7403(a). Further, "[t]he court … in all cases where a claim or interest of the United States therein is established may decree a sale of such

property … and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(c). There is no provision for innocent, non-liable third-party interests in the statutory framework.

The United States Supreme Court addressed the issue of an innocent third-party interest in the context of a forced sale in *United States v. Rodgers*, 461 U.S. 677 (1983). There, the Supreme Court found that the plain language of § 7403 contemplates the sale of the entire property, including innocent third-party interests in that property, and that the Supremacy Clause precludes protection of innocent third-party interests via state law. *Id.* at 693–94, 703–04. Further, § 7403 protects an innocent third party's interest by providing for distribution of the proceeds from the court-ordered sale to the innocent third party to compensate them for their interest. *Id.*

The Supreme Court did not stop there. It recognized the district court's discretion to not order a forced sale, but emphasized that this discretion is not "unbridled." *Id.* at 706, 709; *see also Davenport*, 106 F.3d at 1338. The district court's "limited discretion" under § 7403 is to be "exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *Rodgers*, 461 U.S. at 711. The Supreme Court indicated that a district court has no discretion to deny a forced sale when no innocent third-party interests are at issue: "We can think of virtually no circumstances, for example, in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself." *Id.* at 709.

Additionally, the Supreme Court provided a non-exhaustive list of four factors to consider when an innocent third party has an interest in the property to be sold, recognizing that "financial compensation may not always be a completely adequate substitute for a roof over one's head." *Id.* at 704. These factors include: (1) the prejudice to the government's interest as the result of a partial, rather than a total, sale; (2) "whether the third party with a non-liable separate interest in the property would, in the normal course of events … have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors"; (3) the prejudice to the third party as the result of a total sale; and (4) "the relative character and value of the non-liable and liable interests held in the property." *Id.* at 710–11.

With regard to Parcel A, the district court had no discretion to deny a sale because no innocent third-party interests were implicated. It is undisputed that Leonard and Joyce are the only owners of Parcel A. It is undisputed that Leonard and Joyce are jointly and severally liable for the delinquent personal income taxes, as Leonard and Joyce stipulated to such. Because there are no innocent third-party interests in Parcel A, the district court was correct when it determined it had no discretion to deny the sale.

With regard to Parcel B, Derek has an innocent half-ownership interest in the property, as he is not liable for any of Leonard's tax debts. However, there are no circumstances of undue hardship to Derek that overcome "the Government's paramount interest in prompt and certain collection" of the unpaid taxes. *Id.* at 711. First, the government's interest would

be severely prejudiced by denying the sale of Parcel B. As we have noted, § 7403 contemplates only a total sale of the entire property; § 7403 does not provide for a partial sale, and a partial sale is not a viable, practical option. *See e.g., Williams*, 796 F.3d at 818; *Davenport*, 106 F.3d at 1337; *United States v. Trilling*, 328 F.2d 699, 703 (7th Cir. 1964). If the sale were to be denied, the government would be precluded from any proceeds from Parcel B.

The other *Rodgers* factors also weigh in favor of the government. Derek, the non-delinquent co-owner of Parcel B, has no "legally recognized expectation" that his interest would not be subject to a forced sale due to Leonard's delinquency. Also, the prejudice to Derek as the result of a sale is minimal; Derek does not reside in Parcel B, so dislocation is not a consideration. After the sale, Derek will be compensated for his half interest. Further, Derek may bid on Parcel B at the foreclosure auction, either to gain the property outright or to attempt to increase the final sale price. Finally, the "relative character and value of the non-liable and liable interests" does not weigh in any party's favor. The non-liable interest of Derek is equal to the liable interest of Leonard.

In weighing the *Rodgers* factors, we find that the Adents have presented no exceptional circumstances that overcome the severe prejudice to the government's "paramount" interest. The district court was justified in declining to exercise its extremely limited discretion to deny the sale of Parcel B. In other words, the Adents have not presented any evidence that would justify anything less than the sale of Parcel B. We have repeatedly affirmed the district courts' sound discretion in ordering sales where innocent third-party interests are impli-

cated. *See, e.g., Williams*, 796 F.3d at 818; *Davenport*, 106 F.3d at 1338; *Trilling*, 328 F.2d at 703. The facts of this case are germane to tax lien foreclosure actions and do not justify a change in course in our precedent. Because there is no dispute of material fact, summary judgment in favor of the government was proper.

All other arguments made by the Adents are meritless and need not be addressed. *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005) (citations omitted).

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court.