In the

# United States Court of Appeals
## For the Seventh Circuit

No. 20-1526

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSEPH FURANDO,

*Defendant,*

APPEAL OF: CHRISTINE M. FURANDO, *et al.,*

*Claimants.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 13-cr-00189 — **Sarah Evans Barker**, *Judge.*

ARGUED JUNE 3, 2022 — DECIDED JULY 8, 2022

Before SYKES, *Chief Judge*, and FLAUM and BRENNAN, *Circuit Judges*.

FLAUM, *Circuit Judge*. This case arrives on appeal with an unconventional procedural history for ancillary proceedings connected to a criminal case. After guilty pleas in the underlying fraud case, the district court entered initial orders of

forfeiture, third-party claimants petitioned for adjudication of
their property interests, and the district court eventually de-
nied that petition nearly three years later—on the same day it
granted the government's motion for interlocutory sale of real
property at issue. On appeal, the third-party claimants chal-
lenge the district court's disposition of both the petition and
the government's motion. For the following reasons, we va-
cate the district court's denial of claimants' § 853(n) petition,
remand that issue for further proceedings, and affirm the dis-
trict court's grant of the government's motion for interlocu-
tory sale of real property.

## I.   Background

### A. Past Procedural History

This case stems from a 66-count, multi-defendant criminal
indictment charging offenses under 18 U.S.C. §§ 2, 287, 371,
1001, 1343, 1519, 1957, and 42 U.S.C. § 7413. The indictment
notified the criminal defendants that the government would
seek criminal forfeiture under 18 U.S.C. § 982(a)(1), (a)(2)(A),
(b) and 28 U.S.C. § 2461(c) as part of any sentence imposed
and (in addition to or in the alternative) would seek civil for-
feiture under 18 U.S.C. § 981(a)(1)(A), (a)(1)(C), (a)(1)(D), and
28 U.S.C. § 2461(c). As can be inferred from the indictment,
the criminal proceedings were complex. Relevant to this ap-
peal now before us, Joseph Furando and two of his compa-
nies, Caravan Trading, LLC and Cima Green, LLC, pleaded
guilty to multiple counts in the indictment. Joseph Furando's
plea included agreed-upon forfeiture of personal property,
assets, and vehicles. He agreed to abandon his rights, title,
and interest in personal property, vehicles, motorcycles,
funds, and other identified assets. He also agreed to abandon

his right, title, and interest to real property at 23 Burning Hollow Road located in Saddle River, New Jersey and to proceeds from sale of commercial real estate at 37 South Kinderkamack Road located in Montvale, New Jersey. Joseph Furando acknowledged in his plea agreement "that all of the property and funds to be forfeited constituted proceeds of the offense to which he [pleaded] guilty and was used or intended to be used in the criminal offense."

Details of his post-indictment conduct aside, Joseph Furando appealed his conviction, arguing that he was entitled to a two-level reduction in his offense level for acceptance of responsibility pursuant to the Sentencing Guidelines. The Seventh Circuit characterized the appeal as "frivolous" and entered an opinion affirming his sentence. *See United States v. Furando*, 655 Fed. App'x 507 (7th Cir. 2016). On May 30, 2017, the district court entered preliminary orders of forfeiture against these three criminal defendants. The preliminary forfeiture orders directed the government to give notice to potential third-party interest holders pursuant to 21 U.S.C. § 853(n), which the government did.

### B. Present Appeal

On June 30, 2017, Christine Furando (Joseph Furando's wife), Green Grease, LLC, Jungle Habitat Properties, LLC, and Summit Performance Solutions, LLC (hereinafter the "claimants") filed a claim under 21 U.S.C. § 853 to make their claim as innocent owners of property. The motion stated:

> Claimant CHRISTINE M. FURANDO, is employed as a speech and language pathologist … in New Jersey.

> Claimant GREEN GREASE, LLC is a limited li-
> ability company registered in the State of New
> Jersey. Christine M. Furando has a membership
> interest in the LLC.
>
> Claimant JUNGLE HABITAT PROPERTIES,
> LLC is a limited liability company registered in
> the State of New Jersey. Christine M. Furando
> on information and belief has a 51% member-
> ship interest in the LLC.
>
> Claimant SUMMIT PERFORMANCE SOLU-
> TIONS, LLC is a limited liability company reg-
> istered in the State of New Jersey.

The motion outlined Christine Furando's alleged ownership
of disputed real property. The motion stated that all rights,
title, and interest in the real property located at 23 Burning
Hollow Road, Saddle River, New Jersey were transferred to
grantees Joseph Furando and Christine M. Furando on June
14, 2011. The motion attached a certified copy of the State of
the property deed. The motion also claimed an interest in a
2011 Harley-Davidson, 2011 Ferrari California, 2011 BMW,
funds up to $10,000 in the TD Bank Account, funds up to
$175,000 in the PNC Bank account (via Green Grease, LLC),
funds up to $303,490.06 in the JP Morgan Chase Bank account
(via Summit Performance Solutions, LLC which was not an
indicted company subject to the district court's forfeiture or-
der), $2,300 in funds seized from Christine Furando's family
residence, $839,340.50 in proceeds resulting from a sale of real
property located as Kinderkamack Road (via Jungle Habitat
Properties, LLC), as well as gifts and artwork.

On October 1, 2018, the district court granted the government's motion for partial final order of forfeiture of property as to Joseph Furando. The residence at Burning Hollow Road, although included in the preliminary order of forfeiture, was not included in this partial final order of forfeiture.

On February 25, 2020, the government filed a motion for interlocutory sale of the real property located at 23 Burning Hollow Drive in Saddle River, New Jersey. In its motion, the United States did not request a Final Order of Forfeiture and did not request any district court ruling on the merits of claimants' § 853(n) petition. The motion sought an order from the district court allowing the United States Marshal's Service to conduct an interlocutory sale of the real property, with the proceeds to be held in escrow pending the entry of a final order of forfeiture.

It was not until nearly three years later, on March 17, 2020, that the district court denied the claimants' petition to adjudicate validity of their interest. In the same order, the district court granted the government's motion for interlocutory sale of the "[t]he real property located at 23 Burning Hollow Road, Saddle River, New Jersey." In granting the government's motion, the district court ruled, "Upon careful review of the requests advanced by the government in each of these referenced motions along with the response and reply briefs, the Court hereby finds that the facts and law are with the Government in each instance, which facts the Court hereby adopts and incorporates by reference." The district court then denied the claimants' § 853(n) petition without further explanation.

On March 31, 2020, the claimants appealed these two entries. On June 12, 2020, this appeal was scheduled for mandatory Rule 33 Mediation.

On July 28, 2021, the government filed a motion to remand, requesting the Court of Appeals vacate the district court's entry denying the claimants' petition to adjudicate the validity of their interest in property and remand this matter to the district court for further proceedings. The government argued that at no point did the government move to dismiss the claimants' petition, move for summary judgment as to the claimants' petition, or otherwise request a ruling on the validity of the claimants' petition—leaving the government without "the opportunity to brief or present a factual record related to the Claimants-Appellants' Petition prior to the district court *sua sponte* denying it." The government argued that "[b]ecause there is no legal or factual record before this Court related to the Claimants-Appellants' Petition, the United States has determined that it would be in the best interest of judicial economy and efficiency for this Court to vacate the district court's ruling denying the Claimants-Appellants' Petition and remand the matter to [the] district court for further proceedings"—including conducting discovery and presenting relevant arguments and facts before ruling on the petition's merits.

On August 3, 2021, the Court of Appeals set the response briefing deadlines and noted the parties "should provide an update on the status of the interlocutory sale of the property and address whether the challenged order is a final, appealable decision under 28 U.S.C. § 1291."

Through an order, this Court denied the motion to remand. The order stated that, "[i]f necessary, a briefing schedule will be set after the conclusion of the settlement process under Federal Rule of Appellate Procedure 33. If this appeal proceeds to briefing, the parties should address in their briefs

appellate jurisdiction and the significance of *HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771 (7th Cir. 2015), *United States v. Williams*, 796 F.3d 815 (7th Cir. 2015), and similar decisions."

## II.    Discussion

Claimants challenge the district court's disposal of their 21 U.S.C. § 853(n) petition and grant of the government's motion for interlocutory home sale. We address each issue in turn.

### A.  21 U.S.C. § 853(n) Petition

Claimants' first issue on appeal is whether the district court erred in *sua sponte* denying[1] their joint § 853(n) petition without a hearing or opportunity to amend. We hold this disposition was not appropriate, as any jurisdictional deficiency may have been curable through amendment. Given this conclusion, we remand to the district court for the opportunity to amend or hold a hearing.

---

[1] The district court stated that claimants' petition to adjudicate the validity of their interest was denied "[u]pon careful review of the requests advanced by the government in each of these referenced motions along with the response and reply briefs." The district court found "that the facts and law are with the Government in each instance" and "adopt[ed] and incorporate[d]" those facts by reference. Although a different party's motion to adjudicate (*see* district court Docket No. 433) did receive a response from the government, the present claimants' joint motion to adjudicate (*see* district court Docket No. 432) did not. Claimants point out the confusion created by framing the decision as a "denial" based on the merits rather than a "dismissal" on procedural grounds. Given the lack of briefing and absence of a hearing, a dismissal is a more apt characterization. When "assess[ing] *de novo* a suit's dismissal for … want of subject-matter jurisdiction[,] … we may affirm a dismissal on any ground supported by the record." *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018) (internal citations omitted).

"Under the criminal forfeiture statute, a third party may petition for a hearing to adjudicate its interest in a property to be forfeited." *United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007) (citing 21 U.S.C. § 853(n)(2)). The relevant proceedings are governed by Federal Rule of Criminal Procedure 32.2. "Under this rule, when a third party files a petition asserting an interest in property to be forfeited, the court must conduct an 'ancillary proceeding,' Fed. R. Crim. P. 32.2(c)(1), which closely resembles a civil action." *Grossman*, 501 F.3d at 848. Although any motion to dismiss made *during* the ancillary proceeding is reviewed at the appellate level de novo, *id.*, when no such proceeding has commenced, no such motion was made and proceedings have progressed no further than the petition filing stage, we instead review factual findings for clear error and legal conclusions de novo, *United States v. Holy Land. Found. for Relief & Dev.*, 722 F.3d 677, 683 (5th Cir. 2013). "The interpretation of a statute is a question of law, which we review de novo." *United States v. Rosenbohm*, 564 F.3d 820, 822 (7th Cir. 2009).

### 1.  *Appellate Jurisdiction*

Because claimants appeal two separate district court orders, we first look to whether appellate jurisdiction is sound for the appeal from the district court's denial of claimants' petition to adjudicate the validity of claimants' interests. An appeal after a district court's decision regarding ancillary proceedings under 21 U.S.C. § 853(n), is sound as a final judgment under 28 U.S.C. § 1291. *See United States v. Bregantini*, 53 F.3d 333 (Table) (7th Cir. 1995) (citing no final decision of the district court for criminal appeal claims not filed in the district court but permitting an appeal of challenge to district court's

ruling on standing to challenge ancillary forfeiture proceedings).

Because third parties may not challenge the preliminary or final order of forfeiture and are limited to § 853(n) as their sole path to protecting their interest, a denial of such a petition meets the standard definition of "final" under § 1291—nothing is left but for the court to turn the preliminary order into a final one.

### 2. Intertwined Standing and Merits Question

Finding no deficiency in appellate jurisdiction, we next examine standing separately for each claim, which—for the § 853(n) petition issue—ends up being intertwined with the merits question. The threshold inquiry for this, and every, federal suit is whether the claimants have Article III standing to bring their claims. "If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed …." *Int'l Union of Operating Eng'rs, Local 139 v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020) (internal quotation marks omitted) (quoting *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017)). Standing must be demonstrated "for each claim [the claimants] seek[] to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1647 (2017).

Because claimants here are not parties to the underlying criminal case, they do not have standing to address the court absent their § 853(n) petition. Tracing the logic from the beginning, if the petition was deficient, the district court did not err in denying the § 853(n) petition. If the § 853(n) petition was properly dismissed as facially deficient, the claimants have no standing—as § 853(n) provides the exclusive avenue

for third-party asset recourse. Therefore, if the petition, as filed, was lacking, the case was appropriately dismissed for lack of subject matter jurisdiction. Thus we look to one dispositive question: Did the claimants' petition conform to all relevant requirements of 21 U.S.C. § 853? If yes, Rule 32.2 of the Rules of Criminal Procedure supports holding that the district court *must* conduct an ancillary proceeding. If no, the petition is deficient, a jurisdictional deficiency exists, and the district court *may* dismiss the petition without a hearing. Although the district court *may* dismiss a deficient petition on jurisdictional grounds, this Circuit's case law cautions against *sua sponte* dismissal, unless the jurisdictional deficiency is incurable.

Because "[i]t is well established that third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited," § 853(n) provides the exclusive avenue for third-party asset recourse and ultimately the sole grounds for standing. *DSI Assocs., LLC v. United States*, 496 F.3d 175, 183 (2d. Cir. 2007); *see also* § 853(k) (barring intervention by any party claiming an interest in property subject to forfeiture except as provided in § 853(n)).

Standing determinations regarding ancillary proceedings outlined in § 853(n) involve questions of both state and federal law. "State law—or more accurately, the law of the jurisdiction that created the property interest being asserted—determines what interest the claimant has in the forfeited property; federal law—in particular, 21 U.S.C. § 853(n)(2), determines whether that interest is sufficient to establish standing." Stephen D. Cassella, *Criminal Forfeiture Procedure in 2013: An Annual Survey of Developments in the Case Law*, CRIM. L. BULL., Winter 2013. "Legal ownership in the property is

determined by reference to state law, but whether that legal interest qualifies for an exemption is evaluated by the terms of the federal statute." Dee R. Edgeworth, *Asset Forfeiture: Practice & Procedure in State & Federal Courts* 216 (3d ed. 2014) (citations omitted); *United States v. 5 S 351 Tuthill Rd., Naperville, Ill.*, 233 F.3d 1017, 1021 (7th Cir. 2000) ("State law defines and classifies property interests for purposes of the forfeiture statutes, while federal law determines the effect of the property interest on the claimant's standing.").

Beginning with the statutory language, under 21 U.S.C. § 853(n)(1), the government "shall publish notice of the [forfeiture] order and of its intent to dispose of the property" following the entry of a forfeiture order. With respect to third parties, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days …, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *Id.* at § 853(n)(2). Such a hearing "shall be held before the court alone, without a jury." *Id.* at § 853(n)(3). "The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition." *Id.* at § 853(n)(4). "The provisions of this section shall be liberally construed to effectuate its remedial purposes." *Id.* at § 853(o).

Turning to the Rules of Criminal Procedure, Rule 32.2 governs criminal forfeiture and related ancillary proceedings. As a general rule, "[i]f, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court *must* conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." Fed. R. Crim. Proc. 32.2(c)(1)

(emphasis added). "No hearing is necessary on the merits of the third party's claim where the court can dismiss the claim on the pleadings." Cassella, *supra*. "If no third party files a timely petition, the preliminary order becomes the final order of forfeiture …." Fed. R. Crim. Proc. 32.2(c)(2).

The third-party petitioner bears the burden of establishing by a preponderance of evidence that (1) they have a legal right, title, or interest in the property, and that such right, title, or interest was superior to that of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or (2) they are "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." *Id.* at § 853(n)(6).

Whether a petition is "deficient" is outcome-determinative on the standing question. "If a third party fails to allege in its [§ 853(n)] petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing." *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996); *see also United States v. Sigillito*, 938 F. Supp. 2d 877, 884 (E.D. Mo. 2013) ("The court need not hold a hearing on a petition if it is clear that the petitioner could not prevail even if [a hearing] were granted." (alteration in original) (citation and internal quotation marks omitted)). Notably, "[i]n the absence of facts or evidence showing the time and circumstances of [a petitioner's] acquisition of the right, title, or interest in the [property], the Petition is deficient." *See United States v. Morgan*, No. 18-cr-00132, 2022 WL 1443743 at *3 (W.D. Wash. May 6, 2022) (citing *United States v. Fabian*, 764 F.3d 636, 638 (6th

Cir. 2014) (holding a "conclusory legal interest" falls short of meeting the requirements of § 853(n)(3)).

To review the district court's *sua sponte* denial (the functional equivalent of a dismissal under these specific facts) of claimants' § 853(n) petition, we must look at each claimed property interest. The chart below summarizes claimants' alleged property interests:

| Motion | Claimant | Property | Description |
|---|---|---|---|
| ¶ 6–9 | C. Furando | House/ Residence | Real property. Deed attached conveying 23 Burning Hollow Road to Joseph and Christine Furando on June 14, 2011. |
| ¶ 11 | C. Furando | Vehicle | 2011 Harley-Davidson. Attached certificate of title and vehicle registration in C. Furando's name. |
| ¶ 14 | C. Furando | Vehicle | 2011 Ferrari. Unable to locate titles and unsure whether title is in her name. |
| ¶ 14 | C. Furando | Vehicle | 2011 BMW. Unable to locate titles and unsure whether title is in her name. |
| ¶ 17 | C. Furando | Cash | Up to $10,000 in TD Bank Account #8406. Used to deposit her paychecks. |
| ¶ 19 | Green Grease, LLC | Cash | Up to $175,000 in PNC Bank Account #2184. Claimant retained the services of a Certified Public Accountant who examined the books and concluded $300,000 to $400,000 or more of the funds seized from Green Grease, LLC were not part of any fraud. |

| ¶ 21 | Summit Perfor-mance Solutions, LLC | Cash | Up to $303,490.06 in JP Morgan Chase Bank Account #4962. C. Furando claims she "is a member of Summit Performance Solutions, LLC." |
|---|---|---|---|
| ¶ 23 | C. Furando | Cash | $2,300 seized during search of Montvale, New Jersey residence. |
| ¶ 25–26 | Jungle Habitat Properties LLC | Cash | $839,340.50 in sale proceeds from real property located at 37 S. Kinderkamack Rd, Montvale, New Jersey. |
| ¶ 29 | C. Furando | Jewelry | Nineteen pieces of jewelry labeled as "gifts." |
| ¶ 30 | C. Furando | Artwork | Seventeen pieces of artwork bought by Joseph Furando as "gifts" for C. Furando during 2012. |
| ¶ 31 | C. Furando | Rugs | Two oriental Kashmir rugs purchased by Joseph Furando as "gifts" for C. Furando during 2012. |
| ¶ 32 | C. Furando | Piano | Black grand piano purchased by Joseph Furando as a "gift" for his son. |

We agree with the government's position that this petition is facially deficient. An adverse petition:

> shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). The parameters of these property interests are defined by state law. *See 5 S 351 Tuthill Rd.*, 233 F.3d

at 1021. Conclusory claims of property interests are not sufficient. *See Fabian*, 764 F.3d at 638. "By its plain terms, … § 853(n) does not permit 'relitigation' of the district court's antecedent determination that an item of property is subject to forfeiture." *Id.* (citing Fed R. Crim. Proc. 32.2 advisory committee's notes). Section 853, however, does allow third parties to claim interest in the identified properties subject to the preliminary order of forfeiture. Borrowing from the reasoning of the Sixth Circuit, if a claimant fails to set forth information to satisfy the statutory requirements outlined in § 853(n)(3), "it asserts only a conclusory legal interest in the property," and the district court will not have erred in dismissing any such petition. *Id.*

Just as in *Fabian*, the petition here was conclusory. Repeating claimants have a "valid third party interest" and citing § 853 is not sufficient. For the cash claims, no dates of transfer or account statements are attached. *Cf. United States v. Preston*, 123 F. Supp. 3d 108, 114 (D.D.C. 2015) (finding a petition's allegations sufficient to satisfy the requirements of § 853(n)(3) when the petition noted date of transfer and attached an account statement listing the relevant transfers). Furthermore, the house, vehicle, and gift claims fail to adequately explain how state law supports Furando's legal interest in the property.

Although district courts have framed the § 853 pleading requirements as more than "simply technical requirements," and have stated that they should be "construed strictly to discourage false or frivolous claims," *United States v. Soultanali*, No. 14-CR-00229, 2018 WL 4008333, at *5 (N.D. Ill. Aug. 20, 2018) (quoting *Preston*, 123 F. Supp. 3d at 112), statutory language casts at least some doubt on this sentiment, *see* 21 U.S.C.

§ 853(o) ("The provisions of this section shall be liberally con-strued to effectuate its remedial purposes."); *Rosenbohm*, 564 F.3d at 823 ("A cardinal canon of statutory construction is that we must presume that a legislature says in a statute what it means and means in a statute what it says there." (citation and internal quotation marks omitted)). Acknowledging that this conclusory petition triggers a jurisdictional deficiency—treat-ment of which is at odds with the express congressional aim of "liberal construction"—our Circuit's reasoning in other *sua sponte* dismissal contexts proves informative:

> A court must address potential jurisdictional problems *sua sponte* at whatever point they arise in the proceedings. But we generally discourage district courts from *sua sponte* dismissing a com-plaint for lack of subject matter jurisdiction without first providing the plaintiff notice and a hearing or an opportunity to amend. Such a dis-missal is improper unless the jurisdictional de-fect is incurable.

*George v. Islamic Rep. of Iran*, 63 Fed. App'x 917, 918 (7th Cir. 2003) (citations omitted). With the goal of harmonizing the in-tended "liberal[]" construction of § 853 with the need for workability at the district court level, we now remand for the district court to provide either a hearing or an opportunity to amend the petition, as this jurisdictional defect is not incura-ble. The government points to Joseph Furando's plea agree-ment as admission that the property in question was acquired with fraudulent proceeds. This may well be what the district court ultimately concludes, but it is sensible to give claimants the opportunity to amend their petition to provide infor-mation to satisfy § 853(n)(3) (if they have it) and the

opportunity for a hearing (if it is warranted). The district court is better suited for this task as the trier of fact. As discussed in the next section, § 853(n) is the only appropriate route for relief, and Congress correspondingly signaled its intent for liberal construction to effectuate this lone remedial route. *See* § 853(o).

Before concluding this analysis, we briefly touch on harmless error. Because these ancillary proceedings are closely analogous to civil proceedings, *see Grossman*, 501 F.3d at 848, "the normal rules of harmless error apply," *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018). We decline to offer a harmless error analysis in this case, because the fact-finding at the district court level was limited—the preliminary order of forfeiture was based on a plea agreement, and there is no trial record for us to rely upon. A conclusion that any error was harmless might be more appropriate if we knew what the claimants' amended arguments would have been, *see, e.g., id.* ("Although [plaintiff] did not have another opportunity to present his position to the district court, we do know precisely what [plaintiff] intended to argue because he timely filed his brief *after* the district court had ruled."), or if we could point to a jury finding that the property in question was involved in an unlawful transaction, *see, e.g., United States v. Lee*, 232 F.3d 556, 560 (7th Cir. 2000) (emphasizing the relevance of a jury finding "that the property [in question] was involved in the unlawful transaction or was traceable to property that was so involved"). Neither of these factors are present in this case. Furthermore, the district court did not mitigate the impact of any error by "carefully consider[ing]" the arguments at a different point, such as a prior or subsequent motion or in a decision on a detailed motion seeking leave to amend. *See Kowalski*, 893 F.3d at 997.

The government's arguments that the claimants cannot prevail under § 853(n)(6) and the arguments about prior vested interest are misplaced, because those statutory considerations are only relevant "after the hearing"—which never took place in this case.

For these reasons, we vacate the denial of claimants' § 853(n) petition and remand for further proceedings.

### B.  Interlocutory Home Sale

The second issue on appeal is whether the district court erred in granting the government's motion for interlocutory sale of real property located at Burning Hollow Road. We review the district court's decision for abuse of discretion. *See United States v. Approximately 81,454 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir. 2009). Resting a district court decision on an erroneous conclusion of law or failing to explain its decision are grounds for finding an abuse of discretion, even under this deferential standard. *See In re Stericycle Sec. Litig.*, 35 F.4th 555, 559 (7th Cir. 2022) (in the fee award context); *Ahmed v. Garland*, 854 Fed. App'x 753, 755 (7th Cir. 2021) (in the immigration context); *United States v. Turner*, 594 F.3d 946, 955 (7th Cir. 2010) (noting that because a district court "order was … premised on a mistake regarding the applicable legal standards," there was "necessarily an abuse of discretion").

Here, claimants agreed to this interlocutory sale. As discussed above, the dismissal of the § 853(n) petition is a final order, and the claimants' appeal of that order brings up this stipulated interlocutory-sale order along with it.

"Motions for interlocutory sales in criminal forfeiture proceedings are governed by Federal Rule of Criminal Procedure 32.2(b)(7), which in turn directs courts to act 'in accordance

with Supplemental Rule G(7) of the Federal Rules of Civil Procedure.'" *United States v. Hall*, 877 F.3d 676, 685 (6th Cir. 2017) (quoting Fed. R. Crim. P. 32.2(b)(7)). Per the advisory committee notes, "[t]he court must carefully weigh the competing interests in each case" when deciding whether to order the interlocutory sale of property. Fed. R. Civ. Proc. Supp. G(7) advisory committee's note. The directive to carefully weigh is a general one affording "considerable discretion" to the district court; seeing as Rule G(7) "does not state any criteria to guide the judge[,] … the judge can range widely in deciding what factors to consider, and what weight to give them, in making his ruling." *Approximately 81,454 Cans of Baby Formula*, 560 F.3d at 641.

In granting the government's motion for interlocutory sale of property, the district court "careful[ly] review[ed] … the requests advanced by the government in each of these referenced motions along with the response and reply briefs" and explicitly "adopt[ed] and incorporate[d]" the government's position by reference.

The government's appellate brief advocated for affirmance on the grounds that claimants lacked the necessary legal interest to bring a petition in the ancillary proceeding, and, as a result, "Christine Furando and the other claimants cannot reasonably challenge the sale order in this case." But, this was not the argument adopted and incorporated by the district court. At the trial level, the government argued:

> A court-ordered interlocutory sale of the real Property, pursuant to the provisions cited above and agreed to in this motion, is necessary and justified because the Property is subject to deterioration and non-payment of real estate

taxes. The Marshals Service also has notified the undersigned that maintaining the Property has become burdensome. These factors demonstrate the need for an interlocutory sale to preserve the remaining value of the property pending a determination of the Government's forfeiture.

These arguments are responsive to Supplemental Rule G(7) of the Federal Rules of Civil Procedure. What is more, despite contesting the procedures at play, Christine Furando agreed to the government's suggestion to sell the property. Because the district court's adopted position was not explicitly predicated on the outcome of the § 853(n) proceedings, we need not reach the import of our remand on the § 853(n) issue discussed above.

The record indicates the district court undertook the relevant analysis and sufficiently explained its decision, at least by incorporation. We review the decision from a deferential posture. Thus, we affirm the district court's grant of the government's motion for interlocutory sale of real property.

## III.     Conclusion

For the foregoing reasons, we VACATE the denial of claimants' § 853(n) petition and REMAND that issue back to the district court for further proceedings. We further AFFIRM the grant of the government's motion for interlocutory sale of real property.